DAWSON v. KING et al.   (No. 5332.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 4, 1914. Rehearing Denied Dec. 9, 1914.)

1. APPEAL AND ERROR (§ 997*)—REVIEW—DIRECTED VERDICT—EVIDENCE CONSIDERED.

On an appeal by plaintiff from a judgment on a verdict directed for defendant, the plaintiff's evidence must be taken as true.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4023, 4024; Dec. Dig. § 997.*]

2. MASTER AND SERVANT (§ 288*)—INJURIES TO SERVANT—ASSUMPTION OF RISK—QUESTION FOR JURY.

Where a servant was injured by a ginhouse door falling upon him and there was no evidence that he knew of the defect in the hanging of the door which was the cause of the fall, or that the defect was so obvious as to give him implied knowledge thereon, he did not assume the risk as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*]

3. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to a servant who fell from the upper to the lower floor of a ginhouse when the door by which he was attempting to pull himself up fell with him, evidence *held* not to show that the servant was negligent as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

4. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—QUESTIONS FOR JURY—CONTRIBUTORY NEGLIGENCE.

The contributory negligence of a servant is a question of fact for the jury, unless the act is a violation of some law, or the facts are undisputed and admit of but one reasonable conclusion.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

5. MASTER AND SERVANT (§ 284*)—INJURIES TO SERVANT — EXISTENCE OF RELATION — QUESTION FOR JURY.

In a personal injury action by one who had been sent by one defendant to install a cotton gin on the premises of the other defendant, evidence *held* sufficient to take to the jury the

question whether the plaintiff was the servant of both or either of the defendants.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1000–1090, 1092–1132; Dec. Dig. § 284.*]

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by Ed Dawson against Mrs. H. M. King and another. Judgment for the defendants on a directed verdict, and plaintiff appeals. Reversed and remanded.

Jno. C. Scott and E. B. Ward, both of Corpus Christi, for appellant. Jas. B. Wells and Harbert Davenport, both of Brownsville, G. R. Scott and Boone & Pope, all of Corpus Christi, and Rembert G. Watson and J. J. Eckford, both of Dallas, for appellees.

FLY, C. J. This is a suit by appellant against Mrs. H. M. King and the Murray Company to recover damages arising from personal injuries alleged to have been received through the negligence of appellees in not furnishing a safe place in which appellant could work for appellees. Upon the verdict of a jury, judgment was rendered in favor of appellees. This is a second appeal, the cause being reversed on the first appeal because exceptions were sustained to appellant's petition. 121 S. W. 917. Appellant alleged that he was an employé of appellees and was engaged in installing a cotton gin and cotton press in a building in Kingsville, Kleberg county, then a part of Nueces county; that a safe place in which to prosecute his labors was not furnished him by appellees, but that the same was insecure and unsafe; that an opening had been cut in an upper floor of the frame building in which the gin was to be installed, but no steps had been built although, in the prosecution of his work, it was necessary for appellant to reach said upper or elevated floor; that there was a large doorway through the side or wall of the building, the lower edge of which was about level with said floor, and said doorway was closed by a large rolling door. It was further alleged that the door had been rolled along its runway so that continuously for many days it had hung suspended against the wall above one of the sides of the opening; that during his labors it became necessary for appellant to get a hammer which lay on the floor overhead, and while engaged in getting it he caught hold of the door and pulled it, and it gave way and fell from its runway, causing appellant to fall to the joists of the floor beneath and the door fell on him. Appellees pleaded contributory negligence, and that the danger was obvious and plain. A verdict was instructed for appellees.

[1] Appellant introduced evidence which, under the present status of the case, must be taken as true, showing that he was sent by the Murray Company to Kingsville to install

the gin and press for Mrs. King. She agreed to and did pay him for his services. The house in which the plant was installed belonged to Mrs. King. The gin was to be installed on the lower floor and the press on the upper floor. There was an opening through the upper floor three by six feet, which had been left for a staircase, which had not been built. There was no way to get on the upper floor except through that opening. Appellant tried several times to get the carpenter of Mrs. King to erect the stair steps, but he would not do so. Appellant, in order to reach the upper floor, where his duties compelled him to go, would put his foot on a cleat fastened by him on a post and, taking hold of a post on one side of the opening and the rolling door on the other side, would pull himself up. The door was a heavy one, and was only fastened at the top by two rollers. The door was not blocked, as it should have been, to prevent it from running off the runway, and when appellant reached out to get a hammer he needed, the door fell, precipitating him to the uncovered joists of the lower floor. In its descent the door fell upon appellant, and he was seriously injured. Appellant did not know that the door was not fastened. He had been pulling up by the door, the only way in which he could reach the upper floor, for two or three days, and thought it · was fastened. He would not have pulled up by it had he known it was not fastened. The door was about 13 feet by 6 feet and was placed in the upper wall so that when the cotton was pressed the bales could be carried out through the door. It was close by the hole left for the stair steps. Such doors are on all ginhouses, and they are always blocked to keep them from running off and falling. The door in question was not blocked. In going up through the hole it was absolutely necessary to take hold of the door. If it had been blocked, one man could not have pulled it off the rollers. Johnson, who was installing a round bale plant, went up through the hole just as appellant did.

[2] The question of assumed risk does not arise under the facts of this case, but if appellant is precluded from a recovery it must be on the ground of contributory negligence. An essential element of assumed risk upon the part of the servant is knowledge of the defect in the appliance furnished by the master, and without such knowledge no risk can be assumed. It may be that the defect is so apparent as to charge knowledge, but in the ultimate analysis' of assumed risk there must be knowledge. It may be implied, but it must exist, and thus an intelligent choice be evinced. There was no other way for appellant to reach the upper story, to which he was compelled to go in the prosecution of his work, except through the hole in the manner in which he went. He was compelled to grasp the door on one side and

the post on the other. He was ignorant of the unblocked condition of the door, and therefore could not assume the risk of it falling. His use of it for two or three days merely confirmed him in the belief that it was securely fastened, and he acted on that belief. Labatt, Mast. & Serv. §§ 956, 957. Most certainly the case was not, under the circumstances, one that showed assumed risk as a matter of law. No duty of inspection devolved upon appellant, but he could act upon the presumption that the door was made like all other roller doors for ginhouses.

[3] The failure to furnish stair steps made it absolutely necessary for appellant to pull himself up through the hole by laying hold of objects on either side of the hole. If he had not gone up as he did, then he could not have reached the upper story and could not have installed the press. It cannot be maintained that appellant was guilty of contributory negligence as a matter of law in climbing up as he did, but it would be purely a question of fact for a jury to determine.

[4] The question of negligence is one peculiarly of fact for the determination of a jury, and of course under the term, "negligence," is included contributory negligence, and ordinarily it should be submitted to the jury. It is only when the act is done in violation of some law, or when the facts are undisputed and admit of but one reasonable conclusion regarding the care of the party in doing the act in question, that the cause can be taken from ·the jury and decided by the court. As said by the Supreme Court in Lee v. Railway, 89 Tex. 583, 36 S. W. 63:

"To authorize the court to take the question from the jury, the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it."

See, also, Western Assurance Co. v. Kemendo, 94 Tex. 367, 60 S. W. 661; Oil Co. v. Burns, 96 Tex. 573, 74 S. W. 758; Railway v. Tirres, 33 Tex. Civ. App. 362, 76 S. W. 806; Railway v. Slinkard, 17 Tex. Civ. App. 585, 44 S. W. 35. As said by Justice Neill, in Railway v. Tirres, cited:

"The question of negligence is one of law for the court only where the facts are such that all reasonable men must draw the same conclusion from them. A case should not be withdrawn from the jury unless the conclusion follows, as a matter of law, that no recovery can be had upon any view that can be properly taken of the facts the evidence tends to establish."

The petition has substantially the same allegations as when on a former appeal this court held the allegations made out a case that should be heard by a jury. The allegations were substantially proved as alleged, and the former opinion of this court should have guided the trial court and have caused a ·submission of the case to the jury, and thus, perchance, have avoided the trouble and expense of another trial.

[5] Appellant had installed a number of gins and presses for the Murray Company, and he was sent by that company to Kings-

ville to install the plant for Mrs. King. That company fixed his compensation, and Mrs. King paid the bills. She furnished the place in which the work was performed and the Murray Company furnished the expert workman to install the plant. That the Murray Company maintained control over appellant while he was installing the gin and press is evidenced by the fact that Mrs. King was required to sign a paper directed to the Murray Company, to the effect that the machinery had been erected in a workmanlike manner in accordance with the terms of the contract, and by the fact that the company retained control of him to the extent that it was to be advised if his work was in any way unsatisfactory. He was described by the company as "one of our best and most experienced mechanics." One person may stand in the relation of master to another although the former does not compensate the latter for his services. Labatt, Master & Servant, p. 60 et seq.; Lipscomb v. Railway, 95 Tex. 5, at page 20, 64 S. W. 923, 55 L. R. A. 869, 93 Am. St. Rep. 804. Appellant was not withdrawn from the service of his general employer, the Murray Company, and did not act under the order of Mrs. King. The evidence tended to show a common employment of appellant by appellees. Delory v. Blodgett, 185 Mass. 126, 69 N. E. 1078, 64 L. R. A. 114, 102 Am. St. Rep. 328.

Mrs. King treats appellant in her pleadings as her servant, and only defends on the ground of his contributory negligence, although much of her brief is devoted to the subject of assumed risk. If that defense had been pleaded by Mrs. King, it was still, as hereinbefore stated, a matter to be determined by a jury.

The judgment is reversed, and the cause remanded to be tried in accordance with this opinion.