HAMILTON et al. v. WM. H. SWANSON FILM CO.    (No. 876.)

(Court of Civil Appeals of Texas. El Paso. Nov. 14, 1918.)

1. LIMITATION OF ACTIONS ⚿182(3)—PLEADING AS A DEFENSE—NECESSITY.

Where petition does not show on its face that cause of action is barred by limitation, the defense of limitation cannot be maintained by exceptions, but must be specially pleaded.

2. CONTRACTS ⚿323(1)—TAKING CASE FROM JURY—WEIGHT OF EVIDENCE.

The question of breach of contract and liability therefor should be submitted to the jury, unless the evidence is of such character that there is no room for ordinary minds to differ as to inferences to be drawn from it.

---

Error from District Court, El Paso County; Ballard Coldwell, Judge.

Action by the William H. Swanson Film Company against the Southwestern Amusement Company, in which W. L. Hamilton and another intervened. Verdict for plaintiff, and interveners bring error. Reversed and remanded for new trial.

J. F. Woodson and S. P. Weisiger, both of El Paso, for plaintiffs in error.

C. L. Vowell, of El Paso, for defendant in error.

HARPER, C. J. On the 23d day of December, 1913, William H. Swanson, doing business as the Swanson Film Company, sued the Southwestern Amusement Company, a corporation, for the sum of $662.22, due upon open account for furniture, moving picture supplies, etc. The allegation is that they were delivered by virtue of an agreement entered into between the parties, as per itemized statement attached to the petition.

On the 6th day of January, 1914, the defendant filed an answer (asserted in briefs but not in transcript) containing counterclaim for $19,000 damages for breach of contract, alleged that it was the same contract referred to in plaintiff's petition, that by its terms plaintiff agreed to furnish the supplies, the value of which is sued for, and also certain moving picture films to be run or shown at El Paso, and for which service defendant was to pay a weekly rental of $100 until a fight between plaintiff and its competitor was over, and thereafter to furnish "first run films" at $75 per week, so long as the Universal Film Company produced such films. January 6, 1914, defendant went into bankruptcy. June 11, 1914, the trustee in bankruptcy assigned the cross-action to W. L. Hamilton and H. D. McGregor, who thereafter intervened and adopted the answer of defendant Southwestern Amusement Company, above noted.

To this pleading, plaintiff (appellee here) filed general denial, and general and special exceptions, two of which are that the contract was oral, not to be performed within one year, therefore contravened the statute of frauds, and that it was barred by the two-year statute of limitations. In reply to the several supplemental pleas of plaintiff, interveners enter a general denial, special denial of certain paragraphs, and specially alleged that it was agreed that the films were to be furnished to the Southwestern Amusement Company until January 31, 1918, unless the Universal Film Company ceased to produce them and that, if it did cease to produce them, they were to be furnished so long as they were produced, not beyond the 31st day of January, 1918.

[1] Tried before jury. At the close of the testimony, the court instructed a verdict for appellee, from which interveners have appealed. Assignments 1 to 4 complain that the court erred in sustaining the exceptions as to limitations and the statute of frauds, because the petition does not show upon its face that the contract was oral, nor that it was barred by the two-year statute, and that, they not having been specially pleaded, they could not be urged as a defense. It is true that the interveners' petition does not show upon its face that the cause of action is barred by limitation; therefore the defense cannot be maintained by exceptions, but must be affirmatively pleaded and proven to be a defense to this cause of action. Oswald v. Giles, 178 S. W. 677.

[2] This brings us to the fifth and last assignment, which complains of the instructed verdict, and is followed by many propositions. The question of statute of frauds and of limitation of two years being out of the case for the reasons above indicated, the only question to be determined is: Is the evidence such as to authorize the court to take the question of breach of contract and liability therefor from the jury? The rule in such cases is that it "must be of such character as that there is no room for ordinary minds to differ as to the conclusion to be drawn from it." Lee v. Railway, 89 Tex. 583, 36 S. W. 63; Dawson v. King, 171 S. W. 257.

There is evidence to sustain the allegations as to the terms of the contract and that it was breached, and none to the contrary; therefore the cause must be reversed and remanded for a new trial, and it is so ordered.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes