**DAWSON v. KING et al.** (No. 144–3078.)

(Commission of Appeals of Texas, Section A. May 26, 1920.)

**1. Master and servant ⚫114—Employé entitled to safe way of reaching floor used.**

It is the duty of an employer to exercise ordinary care to furnish an employé a reasonably safe place in which to work, including a reasonably safe way or method of ascent and descent to and from a second floor, where it was necessary for him to go.

**2. Master and servant ⚫129(1)—Injury must be probable consequence of negligence, which ought to have been foreseen.**

To entitle an employé to recover for the employer's negligence, it must appear that the injury, not necessarily the precise actual injury, but some like injury, was the natural and probable consequence of the negligence, and that it ought to have been foreseen in the light of the attending circumstances.

**3. Master and servant ⚫129(1)—Omission to provide way of reaching upper floor held not cause of injury.**

Where no stairway or method of ascent to an upper floor of a building was provided, and an employé attempted to reach the upper floor through a hole in the floor, by climbing a post on which were cleats, and in doing so placed his hand against a rolling door to brace or balance himself, and the door fell on him, the employer's negligence did not consist in providing an unsafe way, but in failing to provide any way, and was not the proximate cause of the injury, which was due to the unsafe way provided by the employé.

**4. Master and servant ⚫107(2)—Employer's duty to secure rolling door defined.**

An employer owed to employés generally the duty of blocking a rolling door, to prevent its falling while being used by them for its intended purpose, or to prevent its falling upon any employé working near it; and a like duty would arise toward an employé, if the employer should have anticipated that he would probably use it for other than its primary purpose in the performance of his work.

**5. Master and servant ⚫107(2) — Duty to provide safe place applies only to place intended for use.**

The employer's duty in respect to a safe place extends only to such parts of premises as he had prepared for the employé's occupancy or use in the performance of his work, and such other parts as he knows or ought to know such employé is accustomed or likely to use in performing his work.

**6. Master and servant ⚫128—Employer held to owe no duty respecting door not used for intended purposes.**

An employer owed an employé no duty to secure a rolling door, so that he could safely use it to brace or balance himself in climbing through an opening leading to an upper floor, unless the employer knew or should have known that he did so use it; it not being intended for that use.

**7. Master and servant ⚫278(3)—Evidence insufficient to show employer should have known or anticipated use of door.**

Evidence *held* insufficient to show that an employer should have known or anticipated that a rolling door which it failed to block would be used by an employé in climbing through a nearby opening in the floor, to brace or balance himself.

Error to Court of Civil Appeals of Fourth Supréme Judicial District.

Action by Ed. Dawson against Mrs. H. M. King and another. A judgment for plaintiff was reversed, and judgment rendered for defendants, by the Court of Civil Appeals (192 S. W. 271), and plaintiff brings error. Affirmed.

Jno. C. Scott, of Corpus Christi, Geo. P. Brown, of Edinburg, and·E. B. Ward, of Corpus Christi, for plaintiff in error.

Jas. B. Wells, J. K. Wells, and Herbert Davenport, all of Brownsville, and H. R. Sutherland, of Corpus Christi, for defendants in error.

SONFIELD, P. J. Ed. Dawson, plaintiff, brought this action against Mrs. H. M. King and the Murray Company, defendants, to recover damages for personal injuries received by him while in their employ. The case was submitted on special issues, and on the findings of the jury judgment was rendered in favor of plaintiff. On appeal, the judgment

---

of the district court was reversed, and judgment rendered in favor of defendants. (Civ. App.) 192 S. W. 271. This is the third appeal in this case. (Civ. App.) 121 S. W. 917; 171 S. W. 257. Writ of error was granted herein by the Committee of Judges.

As grounds of recovery, plaintiff alleged in substance: That he was injured while engaged in installing for defendants a cotton gin and cotton press in a building at Kingsville, through their failure to provide him with a safe place in which to prosecute his work; that in the part of the building where plaintiff was engaged in his work there was an elevated floor, about 7 feet 2 inches from the ground; that in this floor, next to the wall of the building, there was an opening, which had been made or left for a flight of steps as means of ascent and descent to and from this floor; that steps at this place were necessary to enable plaintiff to properly prosecute his work with safety, and that defendants negligently failed to provide them, or any means of ascent and descent. It was further alleged that there was a large doorway through a side or wall of the building, the lower edge of which was about on the same level with, or just above, the surface of the upper floor, which doorway was closed by a large rolling door; that, prior to the time of plaintiff's injury, defendants had negligently rolled the door along its runway from the doorway, so that, at the time plaintiff was injured, and many days prior thereto, it remained suspended, or hung, from its runway against the wall above one of the sides of the opening through the floor; that defendants, after so placing and leaving the door above the opening, negligently failed to securely fasten it, so that it would not fall from its runway and injure plaintiff while he was engaged in the prosecution of his work; that, while he was engaged in his work in the building underneath this floor, it became necessary for him to get a hammer, which lay on the floor overhead, near one side of the edge or opening; that defendants had not provided steps or other means of ascent whereby he could have easily secured the hammer, and, in an effort to get the hammer, and in the exercise of due care and caution, and without knowing, or having reason to believe, that the door was not securely fastened, and that he was thereby incurring danger, but, on the contrary, believing that the door was securely fastened in the place where it hung, he placed one foot on a piece of plank nailed on an upright near the edge of the opening left for the stairway, caught hold of the rolling door with one hand, and slightly pulled on the door to assist him in an effort to reach the hammer with the other hand; that, as he did so, the door, or one side or end of it, gave way and fell from its runway, causing plaintiff to fall.

Defendants answered separately, urging a general demurrer and many special exceptions. They each denied that plaintiff was in his employ, and each pleaded contributory negligence and assumed risk. We will assume, without deciding, that plaintiff was in the employ of both defendants. Plaintiff's petition properly reflects the manner and construction of the building and of the rolling door. We make this further statement of facts established by the evidence:

There was a post, 6x6, at the corner of the opening left for the stairway, running up from the first and through the second floor. Cleats or wooden crosspieces were nailed to the post by plaintiff, or under his direction, as a means or method of ascending to the second floor. On the occasion of his injury, plaintiff ascended the post to secure a hammer which he had left on the upper floor, and which was lying about 18 inches from the left edge of the opening. He did not purpose to go to the second floor, but only to ascend a sufficient height to enable him to reach the hammer. He stood with his left foot on the cleat, his right foot suspended in the air, and his left arm clasped about the post from the front. In this position, he reached over and placed his right hand on the rolling door, some 3 feet distant, and released his left arm from the post, intending to secure the hammer with his left hand. The pressure against the door, used by plaintiff as a brace or balance while he was thus suspended, caused it to roll off its track and fall; it not having been properly blocked or secured. Plaintiff had a large and extended experience in the work of installing gins and presses. He was well acquainted with the construction of buildings of the kind in question, and was in full charge and control of the work of installation in which he was engaged.

[1, 2] The duty devolved upon defendants to exercise ordinary care to furnish plaintiff a reasonably safe place in which to work, which, under the facts, would include a reasonably safe way or method of ascent and descent to and from the second floor. If the breach of this duty was the proximate cause of plaintiff's injury, defendants are liable. In this, as in all cases involving negligence, in order to liability, it must appear that the injury, not necessarily the precise actual injury, but some like injury, "was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." Milwaukee Ry. Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256; T. & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162.

[3] No stairway was built, and no method of ascent provided, by defendants. In view of this negligent omission, plaintiff could have declined to enter upon or continue in the work. He could have insisted upon the performance of the duty imposed upon them

in this particular. He did complain of the absence of the stairway, but continued in the work; and, acting upon his own independent judgment, without the direction or instruction of defendants, adopted a way in the use of which he was injured. The negligence of defendants was negative. They omitted performance of a duty. They were negligent, not in providing an unsafe way, but in failing to provide any way. The place, in the condition in which plaintiff found it, was perfectly safe. The various parts, together constituting the place, used in the manner and for the purpose intended, in no wise imperiled plaintiff in the performance of his work. He, without the instruction or authority of defendants, knowingly—and, as we shall presently see, unnecessarily—used the door for a purpose other than that for which it was intended. Through his own act he rendered the theretofore safe place unsafe. It is obvious that plaintiff's injury was not the proximate result of the failure of defendants to provide a way, but of the unsafe way he himself provided. Having assumed to provide the way, instead of waiting upon defendants to do so, plaintiff's injury must be charged to his own conduct. He is therefore in the attitude of seeking a recovery for an act, not done or caused by defendants, but by himself. St. L. S. W. Ry. Co. v. Highnote, 99 Tex. 23, 86 S. W. 924; M., K. & T. Ry. Co. of Tex. v. Graham, 209 S. W. 399.

Plaintiff asserts that, in the absence of a way, he was within his right in devising one, and the way so devised would have been safe, but for the negligence of defendants, of which he had no knowledge. The negligence complained of was the failure to properly block the rolling door.

[4] Defendants owed to their employés generally the duty of safely securing the door, by proper blocking, to prevent its falling while used by them for its intended purpose, or to prevent its falling upon any employé whose work required him to be in proximity thereto. Under some circumstances, a like duty would arise toward an employé who it should be anticipated would probably use the door for other than its primary purpose in the performance of work to which he has been assigned.

[5, 6] The employer's duty in respect to a safe place extends only to such parts of the premises as he has prepared for the employé's occupancy or use in the performance of his work, and to such other parts as he knows, or ought to know, such employé is accustomed, or is likely, to use in the performance of his work. Considered as a part of the place, the door was not intended for use by plaintiff in ascending to the second floor, and defendants owed him no duty to so secure it that he could safely use it as he did, unless they knew, or should have known, that he would so use it. Morrison v. Burgess Sulphite Fiber Co., 70 N. H. 406, 47 Atl. 412, 85 Am. St. Rep. 634.

[7] The purpose of the door was well known to plaintiff. He testified that doors of this character were found in practically all ginhouses. Its mere presence near the opening was not evidence either that defendants intended that plaintiff should use it as he did, or that they were at fault in not knowing that he was likely to or might probably do so. The evidence wholly negatives the duty of knowledge or anticipation on the part of defendants, in that the method devised by plaintiff did not require the use of the door. He testified:

"If I had thought that the door was going to fall, I would have put my right foot on that cleat, and put my left arm around the south side of that 6x6, and pulled myself against the post, and have reached over with my right hand, and have gotten the hammer. * * * I could have gone upstairs and gotten the hammer. * * * I could have climbed up the post, and have gone on the floor myself."

Instead of this, plaintiff stood with his left foot on the cleat, his right foot suspended in the air, his left arm about the post from the front, and, while in this position, extended his right hand across the 3-foot opening, pressing against the door to balance himself, and at the same time releasing his left arm from the post, intending with the left hand to secure the hammer. Plaintiff not only devised the method of ascent, but departed from the safer manner of its use, which, under his own evidence, did not necessarily involve the use of the door. In the position assumed by plaintiff, it was almost a physical impossibility for him to have secured the hammer. It can hardly be said that his act was one which even a prudent man would have been likely to anticipate.

From the record it is clear that defendants did not know, and cannot be charged with knowledge, or a duty to anticipate, that plaintiff would make use of the door in making ascent to the second floor, especially in view of the fact that the use of the door for such purpose, even by the method provided by plaintiff himself, was not necessary. We are constrained to hold, for the reasons stated, that as a matter of law the negligence of defendants in failing to block or secure the door was not the proximate cause of the injury sustained by plaintiff, and therefore gave him no right of action. T. & P. Ry. Co. v. Bigham, supra.

We are of opinion that the judgment of the Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.