MARTHA JANE LEE v. INTERNATIONAL AND GREAT NORTHERN RAILWAY COMPANY.

No. 418.—Decided May 25, 1896.

**1. Contributory Negligence—Burden of Proof.**

Plaintiff's husband, not an employe, was run over by an engine in the switch yard of a railway company, through having his foot caught in an unblocked frog, at night, at a point where there was no street crossing but was a beaten path alongside the track in which people walked in passing through the yard. Deceased was accustomed to pass through there and familiar with the location of tracks and frogs. There was no evidence to explain how his foot came to be so caught, and the evidence established negligence on the part of the defendant railway company. Held:

(1) The burden was upon the railway company to prove contributory negligence of deceased, unless the same appeared from the pleadings or evidence of plaintiff.

(2) To authorize the court to take the question from the jury the evidence must be of such a character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it.

(3) The evidence did not imply negligence in law on the part of the deceased, nor did the conclusion of fact necessarily follow from these circumstances that he came to his death by his own negligence. (Pp. 585 to 589.)

**2. Supreme Court—Jurisdiction—Question of Law.**

See case for finding of contributory negligence by the Court of Civil Appeals construed to be a finding of its existence as a matter of law, and to require the trial court to charge the jury to return a verdict for defendant, and therefore to be a ruling upon a question of law which the Supreme Court could review upon writ of error. (Pp. 585 to 589.)

**3. Same—Decision Settling Case.**

Where writ of error is sought on a decision reversing and remanding the cause on the ground that the decision practically settles the case that fact should be distinctly stated in the petition in order to signify the consent of the applicant that final judgment may be entered against him in case the ruling is sustained, and the facts should be stated which sustain that statement. (P. 589.)

**4. Same.**

The conclusions of the Court of Civil Appeals upon matters of fact not being binding upon the court or jury on another trial, the effect of practically settling the case can only result from their conclusion on a question of law, and such decision only can furnish a ground for applying for writ of error. (P. 589.)

**5. Questions of Fact.**

See case for discussion of the relative jurisdiction and control of the Supreme Court, the Court of Civil Appeals and the trial courts over questions of fact and questions of preponderance of evidence or existence of any evidence in law. (Pp. 589, 590.)

**6. Supreme Court—Practice.**

Where the judgment of the Court of Civil Appeals, reversing and remanding because there was, as matter of law, no evidence to support the judgment, is held erroneous in law by the Supreme Court the latter will not reverse the judgment of the Court of Civil Appeals; nor will it sustain it and render judgment as authorized by the statute (Rev. Stats., art. 941, sec. 8), though plaintiff in error has admitted that the decision practically settles the case. The proper practice is to reverse and remand to the trial court for proceedings in accordance with the opinion of the Supreme Court. (P. 590.)

ERROR to the Court of Civil Appeals for First District, in an appeal from Harris County.

Plaintiff in error, Martha Jane Lee, recovered a judgment in the District Court of Harris County against the International and Great Northern Railway Company, for the sum of $3000, for the negligent act of defendant's servants in charge of its switch engine, in running over and killing plaintiff's husband, who, in passing through the railway switching yards, had his foot caught and held in an unblocked frog. On appeal by defendant the judgment was reversed by the Court of Civil Appeals, on the ground that deceased was guilty of contributory negligence.

Plaintiff obtained a writ of error on the ground that the ruling was erroneous in point of law in holding that contributory negligence would be implied, alleged that such opinion virtually settled the case, since plaintiff could not on another trial introduce any additional evidence to show how deceased got his foot caught in the frog; and consented that if the Supreme Court should hold the decision not erroneous it might render judgment for the defendant.

*Jones & Garnett*, for plaintiff in error, cited: Railway v. Shieder, 88 Texas, 152; Railway v. Griffith, 159 U. S., 603.

On a motion for rehearing they contended that the judgment of the Court of Civil Appeals, being based solely upon a conclusion of law, this court having held that conclusion erroneous, ought to reverse the judgment of that court and render the judgment which it should have rendered, affirming that of the lower court; and that the judgment of this court was inconsistent with its own rulings, and, if the Court of Civil Appeals had reversed and remanded the cause "for the reason that the verdict was against the weight of evidence," then the writ of error should have been dismissed. The motion was overruled.

*Robert G. Street* filed brief for appellant railway company in Court of Civil Appeals.

*John M. Duncan*, for defendant in error.—If the want of due care on the part of deceased was the proximate cause of the injuries which re-

sulted in his death the plaintiff cannot recover, though defendant's servants may have been guilty of negligence. Railway v. Brown (21 S. W. Rep., 424); 2 Texas Civ. App., 281; Railway v. Moss (23 S. W. Rep., 475); 4 Texas Civ. App., 318; Railway v. Fuller (24 S. W. Rep., 1090); 5 Texas Civ. App., 660; McDonald v. Railway, 86 Texas, 1; Kuehn v. Railway, 32 S. W. Rep., 88; Railway v. Wilkins, 32 S. W. Rep., 351.

BROWN, Associate Justice.—Martha Jane Lee and her minor daughter, Margie Lee, sued the International & Great Northern Railway Company and the Galveston, Houston & Henderson Railway Company to recover damages for the death of Louis G. Lee, husband of Martha Jane and father of Margie. Before the trial Margie Lee died, and the suit was prosecuted by Martha Jane Lee.

The petition alleged that the deceased, Louis G. Lee, was killed by the negligence of the employes of the defendants, in a switch yard within the corporate limits of the City of Houston. The grounds of negligence alleged were that the switch yard and tracks of the railroad companies at the point in question had been for a long time used by the people as a passway in going to and from the said city, which was well known to the defendants, and that they failed to block or otherwise guard the frogs of the switches in the said yard, by reason of which the deceased, in passing over the said yards, and in attempting to get off the track of the railroad to permit the train to pass, got his foot fastened in a frog of a switch in the said track, whereby he was run over by the train of the defendants and killed. It was also alleged that there was an ordinance of the City of Houston forbidding trains upon all railroads to be run, within the limits of said city, at a greater rate of speed than six miles per hour; that, at the time the deceased was killed, the employes of the defendants were running the train at a speed of from 25 to 30 miles per hour; that, if they had been running the train at a proper speed, they could have discovered the deceased and stopped the train in time to prevent running over him, but, on account of the speed of the said train, the employes failed to stop the said train or to discover the deceased upon the track.

Upon a trial before a jury, verdict and judgment were rendered for the Galveston, Houston & Henderson Railroad Company against the plaintiff, and in favor of the plaintiff against the International & Great Northern Railroad Company, from which judgment the International & Great Northern Railroad Company appealed to the Court of Civil Appeals.

The facts as found by the Court of Civil Appeals material to the question to be considered by us are in substance as follows: The International & Great Northern Railroad Company had a switchyard within the limits of the City of Houston, situated on its own property, and in which yard there was a frog, connecting a switch with the track, which was unblocked, and not otherwise protected so as to prevent the foot of any person stepping therein from becoming fastened. At the point where this frog was located there was no street crossing. Along the side of the

track there was a beaten path, where people walked in passing through the yard. Louis G. Lee lived in the suburbs of the City of Houston, and was employed in the said city. He had for seven years, in going to his home from the city, passed through the switchyard of the defendant, and was familiar with the yard, the location of its tracks, switches and frogs. For several years people who lived in the same direction as Lee from the city had been accustomed, day and night, to pass through the yards on foot, which was known to the defendants. On the night of the accident, about 9:30 o'clock, the deceased was going home and passing through the yards when a freight train of the defendant, the International & Great Northern Railroad Company, was coming in and passing through the said yards within the limits of the City of Houston, running at a speed of about 25 to 30 miles per hour. There is no evidence that there was any light in the yards, except that which was afforded by the headlight of the locomotive pulling a freight train. There was but one eye witness to the accident, who testified that, by the headlight of the train, he saw Lee at a distance of about 600 feet from him, exerting himself, and standing about the place where his foot was afterwards found fastened in the frog. When the body of Lee was found it was badly mangled, and one of his feet was found fastened in the frog of the switch. The engineer and fireman did not discover Lee, and never knew that he was run over and killed until they had reached the depot. There was an ordinance of the City of Houston, in force at the time, which prohibited railroad trains to be run, within the limits of the city, at a speed greater than six miles per hour. The frog of the switch in which deceased's foot was found was not blocked or otherwise protected, to prevent the foot of any person who might step therein from being fastened.

The Court of Civil Appeals reversed the judgment of the District Court and remanded the cause, and in the opinion stated the following grounds, which we here copy: "Upon the other charge of negligence, that the servants of appellant in control of the engine were running the train at an excessive rate of speed, and but for such excessive speed could have discovered the deceased in time to have prevented the injury, there is sufficient evidence to support the verdict of the jury. It therefore becomes necessary to inquire whether the deceased was guilty of contributing to the accident which resulted in his death. Appellant's servants were bound to use reasonable care to discover the deceased upon its track. The use thereof as a footway was not negligence of itself, and the circumstances under which he went upon it are merely evidence upon the issue of contributory negligence. * * * * * * * * * * Giving full effect to the verdict upon the testimony before the jury, the accident resulted from the fact that Lee's foot was caught in the switch, but the evidence shows that it was caught under such circumstances as to imply negligence on his part, and fails to develop facts as to how it got caught, or to show that the deceased was exercising proper care at the time. He was well acquainted with the yard, the location of the switch, and condition of the track. It was dark at the time, and it does

not appear that the place was at all lighted.  The conclusion necessarily follows that the deceased came to his death by his own negligence."

Martha Jane Lee brings the case to this court upon allegation that the decision of the Court of Civil Appeals practically settles the case.

The Court of Civil Appeals found as a fact in this case that the employes of the defendant were guilty of negligence in operating the train, which caused the death of Louis G. Lee, and that the railroad company was liable to the plaintiff, unless the deceased was guilty of such negligence contributing to his death as would have prevented a recovery by him if alive.  In order for the railroad company to relieve itself from liability for the negligence of its servants, the burden was upon it to prove the contributory negligence of the deceased, unless it appeared from the pleading of the plaintiff or the evidence introduced by her.  Railway v. Shieder, 88 Texas, 152.

That court said "the accident resulted from the fact that Lee's foot was caught in the switch, but the evidence shows that it was caught under such circumstances as to imply negligence on his part, and fails to develop facts as to how it got caught or to show that the deceased was in the exercise of due care.  He was well acquainted with the yard, the location of the switch, and the condition of the track.  It was dark at the time, and it does not appear that the place was at all lighted.  The conclusion necessarily follows that the deceased came to his death by his own negligence.  "We understand from this language, and the trial court to which the case was remanded, would no doubt understand that the court held that the facts constituted negligence as a matter of law, which under the same state of facts would require the district judge, upon another trial, to charge the jury to return a verdict for the defendant.  From the language used by the learned judge who delivered the opinion the conclusion arrived at must have been largely influenced by the view of the law held by some courts, that it devolved upon the plaintiff, in all cases, to show that the injured party was at the time of the injury in the exercise of due care, and that it rested upon the plaintiff to prove that, in taking the step which put deceased's foot in the frog, he was exercising such care.  It is true that the court recites the facts that Lee was well acquainted with the yard, the location of the switch, and the frog, and that it was dark at the time, but it had previously in that opinion correctly held that these facts did not of themselves constitute negligence, but were circumstances to go to the jury to prove negligence on his part.  The conclusion that "deceased came to his death by his own negligence" could not "necessarily follow" from these facts, and, they being the only circumstances bearing upon the question, that conclusion must have been based upon a presumption of negligence in the act of stepping into the frog.  Suppose that the deceased had not stepped into the frog, but had been struck by the train in some manner not accounted for, what would have been the difference in the law applicable to the case?  We can see none, and, by the same reasoning, the court must in that case have held that, while his being on the track under

the circumstances did not constitute negligence, of itself and as matter of law, yet, the fact that he was struck by the train on the track, and no proof being made as to whether or not he was exercising due care at the time, would constitute contributory negligence. Upon no ground can the conclusion of the court be sustained, except that, as matter of law, the burden was upon plaintiff to explain how the very act of stepping occurred, and, in the absence of such proof, negligence will be implied, that is, presumed. The law presumes that the servants of the defendant were exercising due care in the operation of the train which killed Lee, but the plaintiff proved that they were not, which established her case; upon the other hand, the law presumes that deceased was in the exercise of due care when he was killed, and it devolved upon the defendant to prove that he was not, in order to relieve itself of the liability fixed upon it by its negligent acts causing the death. Am. & Eng. Enc. of Law, Vol. 4, page 91, Burden of Proof, and note 5; Railway v. Shieder, 88 Texas, 152. Negligence, whether of the plaintiff or defendant, is generally a question of fact, and becomes a question of law to be decided by the court only when the act done is in violation of some law, or when the facts are undisputed and admit of but one inference regarding the care of the party in doing the act in question; in other words, to authorize the court to take the question from the jury, the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it. Railway v. Kane, 69 Md., 11; Am. St. R., 395; Same v. Griffith, 159 U. S., 603; Railway v. Ives, 144 U. S., 417; Railway v. Gasscamp, 69 Texas, 547; Chatham v. Jones, 69 Texas, 746. Do the facts of this case fill the requirements of the law in order to constitute negligence as matter of law? The man was walking through the switch yard, where he and others had been accustomed to walk, both at night and in the day time, for years; he knew the location of the switch and the condition of the yard, and it was dark. Up to the point when he reaches the frog, a jury might find that he was not guilty of negligence, and the court may not take the question from them, but, when he steps into the frog in a manner unexplained (under the decision of the Court of Civil Appeals) the question ceases to be one of fact, and the jury would not be permitted to find that a man of ordinary prudence, under the same circumstances, would have taken the same step. There is neither proof nor presumption of law that deceased was negligent in taking that step, and we cannot see how it can be said that he was negligent in the act of stepping into the frog. Being there he must step somewhere, and, seeing the train coming, he would naturally step off the track, when it may be by misfortune he got his foot fastened in the frog. These facts to our minds strongly indicate negligence, but they are not so conclusive as to exclude a difference of opinion among ordinary men as to whether the deceased did what a man of ordinary prudence would have done at that time and under like circumstances, and they did not warrant the holding as matter of law—a necessary conclu-

sion—that deceased was negligent in taking that step; in so holding, the Court of Civil Appeals was in error.

Article 941, Rev. Stats., so far as it relates to the question under consideration, reads thus: "All causes shall be carried up to the Supreme Court by writs of error upon final judgments and not on judgments reversing and remanding causes, except in the following cases, to-wit: * *

"8. When a judgment of the Court of Civil Appeals practically settles the case, and this fact is shown in the petition for writ of error, and the attorneys for petitioner shall state that the decision of the Court of Civil Appeals practically settles the case, in which case, if the Supreme Court affirms the decision of the Court of Civil Appeals, it shall also render final judgment accordingly."

To give this court jurisdiction it must appear from the petition that the decision complained of practically settles the case, and it must also be so stated. The court will not grant the writ on such application merely upon the statement of the fact, but the facts stated must sustain the statement. It will not grant the writ without the distinct statement by the attorney in the petition, because the object of the Legislature in requiring that statement to be made was that the applicant should thereby signify his consent for this court to enter final judgment in the event it sustained the Court of Civil Appeals.

The language "practically settles the case," as used in the law, means that the probable effect of the decision of the Court of Civil Appeals will be to cause a judgment to be rendered, upon another trial in the District Court against the applicant for the writ. This effect could only result from a decision upon a question of law, because the conclusions of the Court of Civil Appeals upon matters of fact are not binding upon the trial court or jury at a second trial. The propositions of law laid down by the Appellate Court are binding upon and must be followed by the trial court, and it is from the enunciation of legal conclusions adverse to the asserted rights of the applicant that the decision has the effect to settle his case and furnish a ground for applying for a writ of error under the law quoted. So long as the decision leaves the matter in shape that the question at issue may be properly submitted to the jury the case is not settled; for, upon every issue submitted, the jury has the right to draw their own conclusions, although differing from those of the court. If this is not permitted under the condition of the evidence, the issue need not be submitted, but the judge should instruct a verdict upon that issue. It is not intended to say that a jury is entirely beyond the control of the court as to the facts, for this is not true, but that control can be exercised only in setting aside a verdict by the trial court or Court of Civil Appeals. In arriving at their verdict the jury acts independently of the court, so far as the weight of the evidence is concerned.

This court has no power to try questions of fact, but must take the conclusions of the Court of Civil Appeals as conclusive when there is any evidence to support them. Consequently, upon every application the conclusions of fact will be treated as correct when it is not asserted

that they are without any evidence to support them, or if it be found that there is such evidence, and when this court has jurisdiction of a case under this law, if the law applied to the facts as found by the Court of Civil Appeals sustains its decision, judgment will be here rendered against the applicant. To illustrate our views upon this subject, we will state this case as presenting a question of fact. Suppose the Court of Civil Appeals had held, as it might have done, that the verdict of the jury in this case upon the issue of contributory negligence was against the preponderance of the evidence, and for that reason had reversed the judgment; that is, if they had held that the jury ought to have found that the deceased was guilty of contributory negligence, notwithstanding there was evidence which would permit them to find otherwise. This being a finding of fact would not be binding upon the jury or the judge of the trial court at a second trial, and could not practically settle the case; hence this court would not have jurisdiction; but the court having held that the circumstances in evidence constituted contributory negligence on the part of the deceased as a matter of law, the trial court could not, upon the same evidence, again submit that question to the jury, because it, being a question of law, must be decided by the judge, who, upon the same facts in obedience to the decision of the Court of Civil Appeals, must have instructed a verdict for the defendant. This practically settled the case, which gives this court jurisdiction.

We cannot reverse the judgment of the Court of Civil Appeals; for, although error was committed in announcing the legal conclusion upon the evidence, that court had the power to reverse for the reason that the verdict was against the weight of the evidence. It is true that the statute says that, when the decision of the Court of Civil Appeals is sustained, this court must enter judgment accordingly; but that means that in such case the court must enter judgment against the applicant if the facts found justify it. The case will be remanded to the District Court for trial in accordance herewith.

*Reversed and remanded.*