## WILKERSON v. BRIN et al. (No. 135.)*

(Court of Civil Appeals of Texas. Waco.
Jan. 22, 1925. Rehearing Denied
Feb. 19, 1925.)

**1. Landlord and tenant ⬤⟹167(2)—Owner of hotel not responsible for tenant's negligence in failing to use means provided to make openings of building safe.**

Owner of hotel was not responsible for negligence of tenant in charge of hotel in failing to use means provided for making openings of building safe.

**2. Negligence ⬤⟹136(14)—Question for jury.**

Negligence is generally question for jury, and does not become question of law for court, unless facts are undisputed and admit of only one finding.

**3. Innkeepers ⬤⟹10—Negligence of hotel guest falling down elevator shaft held for jury.**

In action by guest for injuries from falling down freight elevator shaft of hotel, evidence *held* sufficient to require submission to jury of issue whether plaintiff was negligent so as to preclude recovery.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Action by R. M. Wilkerson against I. L. Brin and others. Judgment for defendants, and plaintiff appeals. Affirmed as against defendants Brin, and reversed and remanded as against defendant Patillo.

Rasbury, Adams, Stennis & Harrell and Nash R. Adams, all of Dallas, for appellant.

Gaius G. Gannon and Smith, Robertson & Robertson, all·of Dallas, for appellees.

BARCUS, J. Appellant filed this suit against appellee ·C. M. Patillo, who was the tenant running the Artesia Hotel in Terrell, and against I. L. and Melvin Brin as the owners of said hotel to recover damages occasioned by his having fallen into the freight .elevator shaft and receiving injuries. The cause was tried to a jury, and at the conclusion of the testimony the court instructed the jury to return a verdict for the defendants, and judgment was entered accordingly. The question therefore involved is as to whether the evidence was sufficient to require the cause to be submitted to the jury.

The facts as testified to by the appellant and his witnesses in substance are that plaintiff was a guest in the hotel in December, 1920, and had been stopping at said hotel for a number of years. Appellant testified that he had slept in perhaps every room in the hotel; that he was well acquainted with the clerk and porter and other employees of the hotel; that on the night of the injury, he with other guests at the hotel sat around ·the fire until about midnight, at which time

he took his coat and grip and started to his room. At said time the clerk and porter in the hotel were sitting in the lobby asleep in their .chairs, and, by reason of his friendship to said porter and clerk, and because he was thoroughly familiar with the hotel and knew how to reach his room, he did not ask either of them to show him to his room, which was No. 2 on the second 'floor. There was a freight elevator in the hotel, but there was no passenger elevator, and to reach the rooms the guests climbed the stairway. ' Appellant testified that he knew there was a freight elevator in the building, but had never seen it, and did not know its location. To reach his room from the landing of the stairway on the second floor appellant had to go down a hallway, and then turn to the right through another hallway. When he reached the second hallway he testified that it was "as dark as pitch"; that he could not see his hand before him, and that in order to find his room he set his grip and coat down and groped in the darkness along the side of the wall, searching for the door to his room, there being several rooms in said hallway, his being No. 2; that he found a door open and thought it was his room, and he stepped in to turn on the light, when he fell, it being the door to the elevator, which was open; and that as a result of the fall he was seriously and permanently injured.

Appellant claimed that the owners of the building were negligent, and their negligence caused the injury, by reason of the fact that there were not sufficient fastenings on the door to the elevator, and that the owners of the building knew of the insufficiency of the fastenings at the time same was leased to Patillo; and claimed that Patillo, the tenant, was guilty of negligence in failing to have sufficient fastenings on the elevator door to keep it shut, and also negligent in leaving same open. The appellees filed general demurrers, general denial, and alleged that appellant's injuries were caused by his own negligence; and the owners pleaded specially that there were sufficient fastenings provided for the elevator door to keep same securely fastened. It was shown without controversy that the fastenings to the elevator door consisted of an ordinary thumb' latch fastening, which could be opened and shut either from inside the elevator or from the hall in the hotel outside of the elevator, and in addition a hook fastening, which could be fastened only from the hallway in the hotel, and a lock on the elevator door which could be locked in the hall of the hotel. Patillo testified it was hard to keep up with the lock and key, and he had the hook fastening put on the door; that when the door was fastened only by the thumb latch fastening a child could open same, and occasionally the wind coming up the elevator shaft had blown the

door open. With the hook fastened it was impossible for the door to be opened except by some person releasing the hook. There was some testimony that the hook fastening and the lock and key were on the door when the hotel was rented by Patillo, and some testimony that Patillo had put the same on the door after he leased the building. As we view the case, it is immaterial who put them on the door. They had been there for several years prior to the time of the accident in this case.

[1] A landlord is not responsible for the negligence of his tenant in failing to use the means which have been furnished him to make safe and secure the openings about the building in a hotel. If the holdings on the elevator door were sufficient, if they had been used, to keep same fastened, then the owners of the building are not as a matter of law responsible for the injury. This question was well considered and definitely settled by the Supreme Court in the case of Texas Loan Agency v. Fleming, 92 Tex. 458, 49 S. W. 1039, 44 L. R. A. 279, same case, 24 Tex. Civ. App. 203, 58 S. W. 971. All the witnesses in this case who testified with reference to the fastenings on the door testified that, if the thumb latch and the hook were fastened, the door would be securely held in place. If the tenant had used the means at his command that were on the elevator door, same would have been amply sufficient to keep said door shut, and on the authority of Texas Loan Agency v. Fleming, supra, appellant was not entitled to recover against the owners of the property.

[2] Unless, as a matter of law, under the undisputed facts, appellant was guilty of such negligence as will prevent his recovery, the trial court should not have instructed a verdict for appellee C. M. Patillo. Negligence, as a general rule, is a question of fact, and only becomes a question of law when the facts are undisputed and admit of only one finding. Irvin v. G. C. & S. F. Ry. Co. (Tex. Civ. App.) 42 S. W. 661; Lee v. L. & G. N. Ry. Co., 89 Tex. 583, 36 S. W. 63; Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 12 S. Ct. 679, 36 L. Ed. 485; Jones v. Louisiana Western Ry. Co. (Tex. Com. App.) 243 S. W. 976.

[3] Appellant testified that he was thoroughly familiar with the hotel; that he had been stopping there for years, and had slept in almost every room in the three-story building; that he knew the way to room 2, which had been assigned him, and was so familiar with the construction of the hotel that he did not think it necessary for him to trouble the porter or clerk, who were in the lobby of the hotel taking a nap, to show him to his room. Appellant further testified that, while he knew there was a freight elevator in the building, he had never seen it.

He had been through the hall leading to his room a number of times, and had never seen the door of the elevator open, and did not know same was in said portion of the building. The evidence shows that the hotel management had provided a competent clerk and porter to show guests to their rooms, and appellant testified that the hallway through which he was going to his room was "pitch dark." Appellant, however, testified that he was thoroughly familiar with the construction of the hotel, having numbers of times gone into said building and to said room. It cannot, in our opinion, be said as a matter of law that the appellant was guilty of such negligence in attempting to go to his room through the dark hallway as to prevent a recovery. The rule as above announced in the Grand Trunk Ry. Co. v. Ives, supra, by the Supreme Court of the United States, and followed in a number of cases by the Supreme Court of our state from the case of Lee v. Railway Co. to Jones v. Louisiana Railway Co., supra, shows that our courts, as they should, jealously guard the right of litigants to have the jury pass on questions about which reasonable minds might differ. Without commenting at length on the testimony, we think it was sufficient to require the submission to the jury of the question as to whether appellant was guilty of such negligence as would prevent his recovery.

The judgment of the trial court in so far as it affects appellees I. L. Brin, individually, and I. L. Brin and Melvin Brin as executors of the estate of Harris Brin, deceased, is affirmed, and the judgment of the trial court in favor of the appellee C. M. Patillo is reversed and the cause remanded.