J. HAAS ET AL. v. J. L. KRAUS ET AL.

No. 89.

1. **Jurisdiction from Conflict of Decisions.**
    When a decision of a Court of Civil Appeals is in conflict with a decision of the Supreme Court, or of another Court of Civil Appeals, the Supreme Court has jurisdiction to grant a writ of error, although the judgment be a reversal of the trial court. Writ of error, however, will not be issued unless this court believes that there was error in the result of the decision of the Court of Civil Appeals .............. 688

2. **Mortgage by Insolvent Debtor.**
    An insolvent debtor may secure a creditor by mortgage if in the transaction the sole purpose of the creditor is to obtain security for his debt. The motives of the debtor will not affect the validity of the security.. 689

APPLICATION FOR WRIT OF ERROR to Court of Civil Appeals for Fourth District, in an appeal from El Paso County.

In the Court of Civil Appeals it was held, that " There can be no doubt under our decisions that a debtor in failing circumstances can give a valid

mortgage on so much of his property as may be necessary to secure the bona fide debt of a creditor; and we have seen no Texas case where it was held that a mortgage made directly to a creditor who had accepted the same could be rendered void by the fraud of the mortgagor alone." This contained the ruling attacked in the petition for writ of error.

*Millard Patterson*, for application, cited: Haas v. Kraus, 75 Texas, 109; Baldwin v. Peet, 22 Texas, 271; Bailey v. Mills, 27 Texas, 437; Howerton v. Holt, 23 Texas, 80; Wright v. Linn, 16 Texas, 42; Lesher v. Getman, 9 N. W. Rep., 486; Simon v. Ash, 1 Texas Civ. App., 202; Shoe Co. v. Jackson, 24 S. W. Rep., 584; Steffan v. Bank, 69 Texas, 517; Jackson v. Hardy, 65 Texas, 724; Spurlock v. Sullivan, 36 Texas, 511; Cox v. Miller, 54 Texas, 27; Pierson v. Manning, 2 Mich., 451; Griffin v. Marguardt, 17 N. Y., 29; Loss v. Wilkinson, 18 N. E. Rep., 99; L. v. P., 19 Iowa, 479; Flannigan v. Lampman, 12 Mich., 56; Ruble v. McDonald, 18 Iowa, 497; Gere v. Murray, 6 Minn., 305; Barnett v. Ellison, 23 Minn., 242; Keyser v. Havenrich, 5 Kans., 340; Craft v. Bloom, 42 Am. Rep., 351; Savage v. Knight, 53 Am. Rep., 426; Foley v. Better, 34 Md., 646; Bartlett v. Teah, 1 Fed. Rep., 768; Jones on Chat. Mort., 2 ed., sec. 352; Burr. on Ass., 3 ed., secs. 6, 7, 8; Pome. Eq. Jur., sec. 749.

STAYTON, Chief Justice.—If a decision of a Court of Civil Appeals overrules its own decision or the decision of another Court of Civil Appeals or of the Supreme Court, this court has jurisdiction to grant a writ of error, although under the decision the judgment of the District Court be reversed and the cause remanded; but it does not follow from this that a writ of error should be granted, unless the decision of the cause in which the writ is asked is believed to be erroneous.

When the application for writ of error in this cause was refused, it was not because this court had not jurisdiction, but because the decision made in the cause by the Court of Civil Appeals was believed to be correct.

When this cause was before the Supreme Court at a former term it came with a charge which excluded the jury from all inquiry whether the trust deed was made with fraudulent intent, and on that ground the judgment was reversed and the cause remanded.

It was said in the course of the opinion, that a charge requested, to the following effect, should have been given: "If they (the jury) believed that the transfer set up by defendant of the property of Ben F. Levy was made by him with the primary intent of placing such property in such position that it could not be levied on by his creditors, such intent would render the transfer fraudulent and void as to plaintiffs." This was not exactly the charge requested and refused, but it did embrace the same propositions.

If the word "intent" be restricted to the maker of the mortgage, then the charge should not have been given; but if it be applied to him and to the accepting creditor, then it was correct, and should have been given.

The moving or primary purpose of a debtor in paying to a creditor a debt by conveying to him property, or in mortgaging property to secure a debt due to him, may be to prevent some other creditor from subjecting it to the payment of a sum due to him; but this, within the meaning of the law, will not render the conveyance or mortgage fraudulent as to such creditor, if his purpose is solely to have payment or security for the sum actually due.

As said in Ellis v. Valentine, 65 Texas, 547, "What it is lawful to do can not become unlawful by reason of the fact that it is done through a motive or with an intent not friendly to all creditors; a hindrance or delay which does not operate as a fraud upon other creditors is not that prohibited by law."

To have made the mortgage in question fraudulent, the secured creditor must have had some purpose other than the security and payment of the sum due. He may have known that the debtor would not have given him the security but for a desire even to defeat some other creditor in the collection of sum due him, but this would not render it unlawful for him to take security for payment of sum due.

If the real purpose of the creditor was not such a lawful purpose, but was to tie up the property by a mortgage, in form, to the injury of other creditors, or some like purpose on his part, then the mortgage would be fraudulent as to other creditors.

It is to be regretted that the unguarded language used in the former opinion may have led to a misapprehension of the rules of law applicable to such a question.

The opinion now in question presents correctly the law applicable to the question on which writ of error is asked, although we might not be able to concur in some of the reasoning through which the conclusion was reached.

The motion for rehearing on application for writ of error will be overruled.

Delivered May 24, 1894.

Justice GAINES not sitting.