### THOMAS D. SOLOMON v. G. C. WRIGHT ET AL.
#### No. 1384.

1. **Fraudulent Assignment—Declarations of Assignor—Res Gestæ.**—Declarations of one about to make an assignment, made to the witness half an hour before the execution of the transfer, offering to execute it to such witness upon the same terms, which were fraudulent, that it was stated as being made to the trustee (assignee), are admissible as res gestæ and to show the fraudulent character of the assignment.

2. **Same—Immaterial Declarations.**—Declarations of the assignor that he felt that his life was unsafe, and that he was making the assignment to secure his creditors because he was afraid to stay in town and continue business, are of no special materiality in a case where the fraudulent character of the assignment is clearly shown.

3. **Same—Fraud in Part of the Debts Only.**—That some of the debt secured by a deed of assignment are fraudulent, will not vitiate the assignment as to other debts secured which are honest and bona fide.

APPEAL from Clay.   Tried below before Hon. GEO. E. MILLER.

*L. C. Barrett*, for appellant.—1. The statements of John Borg, the grantor in the chattel mortgage to C. C. Cook, as to what he had offered to do with Solomon, the plaintiff and grantee, to prove the mortgage made with a fraudulent intent, not being in the presence of the appellant, was the narration of a past event, was not res gestæ, and was hearsay and inadmissible.   Burgen v. Marble Yard, 72 Texas, 53; 1 Greenl. on Ev., secs. 108, 110, 131, 190; 1 Phil. on Ev., 185, 208.

2. A creditor who attacks as fraudulent, because of his debtor's insolvency, a deed of trust which is valid on its face, has the burden of proving the insolvency.   Puckett v. Drug Co., 20 S. W. Rep., 1127.

3. The fact that a debt secured in a chattel mortgage is fictitious in whole or in part will not vitiate the instrument as to other debts secured that are honest and bona fide.   Simon v. Ash, 20 S. W. Rep., 719; Brasher v. Jamison, 75 Texas, 139; Blair v. Finley, 75 Texas, 210; Jones on Chat. Mort., secs. 92, 336, 345, 351, 356.

*Carrigan & Hughes,* for appellees.—The negotiations of John Borg, Thomas D. Solomon, and C. C. Cooke was one continuous transaction, lasting through all the day on Saturday, April 18, 1891, and all declarations made by either of said parties pending said negotiations, which culminated in the deed of trust in question to Thomas D. Solomon, late on Saturday evening, is a part of the res gestæ, and is admissible in evidence. 1 Greenl. on Ev., secs. 108–114; 1 Rice on Ev., 377; 2 Rice on Ev., 951.

TARLTON, CHIEF JUSTICE.—On April 18, 1891, John Borg, a merchant at Henrietta, Texas, executed to the appellant, Thomas D. Solomon, as trustee, a deed in trust, whereby he transferred his entire stock of merchandise, for the recited purpose of securing certain creditors therein named. Among the beneficiaries were Thomas D. Solomon, the trustee, with a claim of $1600, and J. A. Templeton and L. C. Barrett, with a claim of $500. These alone accepted the benefits of the instrument. The remaining beneficiaries repudiated the transfer, and, suing upon their claims, levied writs of attachment upon such portion of the transferred property as was deemed sufficient to satisfy their writs. The property thus seized they caused to be sold in satisfaction of their debts.

On August 5, 1891, the appellant brought this suit against the appellee Wright, as sheriff, and the sureties on his official bond, to recover damages for the alleged conversion of the goods, growing out of the levy and sale referred to. The sheriff impleaded the attaching creditors on their bonds of indemnity to him.

The defendants in their answer assailed the transfer to Solomon as fraudulent, alleging the debts to him and to Templeton and Barrett to be fictitious. A trial on March 24, 1893, resulted in a verdict and judgment for the defendants, and hence this appeal.

The appellant challenges the correctness of the court's action in admitting in evidence certain declarations of the grantor Borg to the witness Cook, made in the absence of the trustee Solomon. The declarations were to the effect that Borg would be willing to sell his stock to the witness Cook on the same terms as he had previously agreed to transfer them to Solomon; that is, that Borg would execute a note to Cook for $1500 and put him in possession of the stock of goods (estimated, as the testimony elsewhere shows, at about $5000), and so fix the note as that Cook could protect himself out of the goods as to the $1500, provided Cook would pay him $1000 in cash.

The objection urged to this testimony is that it is hearsay, Solomon not being present.

The transaction indicated by the conversation was patently fraudulent. The record elsewhere discloses that these declarations were made a short time, perhaps half an hour, before the execution of the transfer to Solomon; that negotiations had been pending from time to time during the entire day, alternating between Borg and Solomon and be-

tween the former and Solomon and Cook acting together. They contemplated transactions on the part of Borg to be condemned as fraudulent with reference to his creditors.

These transactions, presenting different phases of the same fraudulent character, were so nearly contemporaneous as to come within the rule which treats them as constituting but parts of a single transaction. The testimony was "calculated to unfold the nature and quality" of the main fact, the execution of the transfer to Solomon, and it was admissible. Bump on Fraud. Con., 583.

The record does not justify the appellant's statement, that the attaching creditors seized goods of the value of $1000 in excess of the amount sufficient to satisfy their debts. We therefore overrule the contention predicated thereon, that the appellant was entitled to an instruction requiring the jury to find for him in the sum of $1000.

The court, in behalf of the plaintiff, admitted declarations of John Borg made at the time of executing the transfer, to the effect that he was afraid to live in the town of Henrietta, because he felt that his life was unsafe; that he was making the deed in trust to secure his creditors, because he was afraid to stay in the town and continue business.

The court in its general charge instructed the jury, that they would not consider these declarations for any other purpose than to determine the intent of Borg in executing the deed of trust; that they could not consider the testimony for the purpose of determining the truth of such declarations as to his fear of bodily injury. Complaint is made of this instruction, and of the court's refusal of the special instruction in this connection, to the effect, that the evidence of what was said by John Borg at the time he made the deed of trust is a part of the transaction, to be considered by the jury like any other fact or circumstance, and to be weighed by them as they should think proper.

If the action of the court was erroneous, it was immaterial. Though the fact might have been established that Borg was afraid of bodily injury, and that but for this fact he would not have executed the instrument, yet if, under issues otherwise properly submitted, the jury should believe that by means of fictitious debts Borg engaged in a transaction the necessary effect of which was to defraud his creditors, the fact of fear of bodily injury should not be permitted to affect the fraudulent character of the transaction. This novel phase and invocation of the doctrine of self-defense would be misplaced and irrelevant.

Nor did the court err in failing to submit the question of Borg's solvency or insolvency. Such an issue would have been immaterial. If Borg was solvent, the margin of solvency, under the facts of this case, was so narrow that it could in no sense have justified him in fabricating indebtedness as a pretext for the transfer of his goods; and this was the issue presented.

The court instructed the jury that fraud in whole or in part, in any of the debts secured by the transfer, would invalidate the instrument. This instruction is complained of in an assignment, asserting, in effect,

the proposition that an honest and valid debt of an innocent holder should not be thus tainted on account of its association with a fraudulent claim.

The action of the trial court in overruling this proposition is supported by the decision of the majority of the Court of Civil Appeals for the First District, in Simon v. Ash, 1 Texas Civil Appeals, 202, reversing the action of the remaining member of that court, who had sat as a trial judge in that case. With great deference to the deservedly recognized learning and ability of the court announcing the conclusion in that case, we are constrained to dissent from it. On this question, we are in accord with the views expressed in the case of Riley v. Hunt, 6 Texas Civil Appeals, 238, and in that of Kraus v. Haas, Id., 665, in which a writ of error has been refused by our Supreme Court, 86 Texas, 687. These justify us in dispensing with an elaboration of our views on the question.

We are unable to pronounce this error harmless. When this case was tried there were but two debts seeking protection under the transfer, the one by Solomon, the trustee, for $1600, and the other by Templeton and Barrett, for $500. Both these claims were assailed as fictitious, and under this instruction, if this fact was established with reference to either, the other was to be ignored by the jury. While emphasis, not unjustified by the record, is laid upon the testimony relied upon as showing the fraudulent character of the claim of the appellant, we do not feel authorized in designating which of these two claims the verdict denounces.

There is testimony tending to show that Solomon, the trustee, was an actual participant in the fraudulent purpose prompting the execution of the transfer. In this connection, we deem it proper to state, in view of another trial, that such guilty knowledge and participancy on his part should not affect the validity of the instrument as to the other claimant, if indeed it be found to be otherwise valid, as the property of an innocent holder. Bank v. Ridenour, 27 Pac. Rep., 150, cited in Kraus v. Haas, supra.

An innocent beneficiary should not suffer because of the fraud of a guilty trustee. With reference to the former, the latter is but the instrument or vehicle for the procuring of a valid debt, effecting an honest purpose.

Sustaining the assignment complaining of the court's charge as above indicated, we reverse the judgment and remand the cause.

*Reversed and remanded.*

Delivered November 13, 1894.