## MECASKEY v. DUNLAP et al.    (No. 2535.)

(Court of Civil Appeals of Texas.    Amarillo.
Oct. 28, 1925.    Rehearing Denied Nov.
11, 1925.)

**1. Pleading ⚏205(2)—General demurrer sustained only when there is want of substance.**

General demurrer to petition should be sustained only when there is want of substance in pleading demurred to.

**2. Pleading ⚏205(2)—Office of "general demurrer" is to test legal sufficiency of cause of action.**

Office of general demurrer is to test legal sufficiency of cause of action stated in petition, and is not attack on form of petition.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Demurrer.]

**3. Pleading ⚏205(2)—Defects in petition which, if pointed out by special exception, could be cured by amendment, cannot be reached by general demurrer.**

If defects in petition are such as might have been cured by amendment, if pointed out by special exception, such defects cannot be reached by general demurrer.

**4. Pleading ⚏205(2)—General demurrer overruled, if allegations, given every reasonable intendment, state cause of action.**

If allegations of petition, given every reasonable intendment, stated cause of action in plaintiff's favor, that is decisive of his right to have general demurrer overruled.

**5. Specific performance ⚏114(1)—Allegations of petition held sufficient as against general demurrer to entitle plaintiff to damages.**

In action for specific performance of contract for exchange of lands, or for damages, if specific performance could not be had, *held* that allegations as against general demurrer were sufficient to entitle plaintiff to damages, and action of trial court in sustaining general demurrer was erroneous.

**6. Mortgages ⚏280(3)—Contract for exchange of land does not bind party to assume mortgages which are not mentioned therein.**

Contract for exchange of land does not bind party to assume mortgages not mentioned in contract against land which was to be granted to him.

Appeal from District Court, Deaf Smith County; Reese Tatum, Judge.

Suit by J. H. Mecaskey against Eli Dunlap and others. From a judgment sustaining a general demurrer and dismissing the case, plaintiff appeals. Reversed and remanded.

Carl Gilliland, of Hereford, for appellant.
W. H. Russell, of Hereford, for appellees.

RANDOLPH, J. This is a suit for specific performance of a contract of sale, brought by the appellant Mecaskey, who will hereinaft-er be styled plaintiff, against Eli Dunlap and W. E. Dunlap, hereinafter designated defendants. The trial court sustained a general demurrer to plaintiff's petition, and, plaintiff refusing to amend his petition, the court dismissed the case.

Plaintiff's petition, after formal averments, substantially alleges as follows:

That the plaintiff and defendant Eli Dunlap, on or about the 6th day of February, 1923, entered into written contract, of that date, agreeing to exchange certain lands, and attached to said petition a copy of the contract as an exhibit, further alleging that, by the terms of said contract, defendant Eli Dunlap agreed to convey to plaintiff his certain described lands in Deaf Smith county, together with certain cattle, hogs, and personal property, fully describing all such property; that by the terms of said contract the plaintiff agreed to convey to the defendant Eli Dunlap his land in Denton and Wise counties, setting out the same as described in the contract by name and location, and alleging said contract was drawn in Deaf Smith county, where a better or legal description was not available, and then setting out the description thereof by patent numbers and by field notes to each named place.

The petition further alleged that at the time the contract was made there was an indebtedness for the principal sum of $15,000, secured by deed of trust lien on the said Wise county land, and that there was a deed of trust on the Denton county land securing a note originally for the principal sum of $12,000, but that, at the time said contract was made, the principal of said note had been reduced by payment to the sum of $9,600, and the said contract provided that the defendant Eli Dunlap should and would assume the payment of the said note for $15,000 against the Wise county land, as well as the $9,600 against the Denton county land; that the said loan for $15,000 bears interest at the rate of 7 per cent. per annum, and that, prior to and at the time the contract was made, plaintiff represented and stated to the defendant that said respective loans bore interest at said respective rates; that the original note for the $12,000 loan which had been reduced to $9,600, was executed and dated December 1, 1914, by Mahala Foster to the John Hancock Mutual Life Insurance Company, due January 1, 1925, and was secured by deed of trust on said Denton county land, executed by Mahala Foster to Frank H. Robinson, as trustee, as set out in the petition and was duly recorded; that the principal of said $12,000 note has been reduced as above stated, and all the interest paid to January 1, 1924; that, under the assumption of said debt by defendant Eli Dunlap, it was the duty of said defendant to pay all interest that accrued thereon after the date

of the contract, but that he refused and failed so to do and plaintiff was compelled to pay same; that the note for $15,000 was executed by C. L. Williamson and wife on December 1, 1922, and duly recorded; that, although said note recites that it bears interest at the rate of 6 per cent. per annum from its date, in truth and in fact it bears interest at the rate of 7 per cent. per annum, 1 per cent. of said interest that said principal note should bear having been, at the time said principal note was 'executed, for the convenience of the parties, evidenced by an interest note executed by the makers of said principal note and payable to the Texas Farm Loan Mortgage Company, and which said interest note was secured by a deed of trust on said Wise county land to said Farm Loan Mortgage Company, and which was duly recorded; that the said interest note was to bear interest from its date at the rate of 6 per cent. per annum, and was payable in installments, as fully set out; that the deeds of trust securing the payment of said interest note and the $15,000 note, were all executed at one time and were all one and the same transaction, and said deeds of trust each recited that the interest note was given as a part of the interest on the said principal note; that it was defendant Eli Dunlap's duty under the contract and his assumption to pay all interest accrued on said $15,000 note after the date of the contract, which he refused to do, and plaintiff was compelled so to do, setting out the payments made by him; that defendant Eli Dunlap had breached his duty under the contract by disposing of the cattle, hogs, and feed, and has been using the tools and farm implements, damaging them greatly, detailing such claim for damages.

Plaintiff further alleges that defendant has been in possession of the land in Deaf Smith county and asks for rents, and that, under said contract, plaintiff was to assume payment of each of two certain notes, payable to the Missouri State Life Insurance Company, each for the sum of $2,750, secured by deeds of trust on the Deaf Smith county land, and that the interest thereon has never been paid, and that defendant Eli Dunlap should be made to account for the accrued interest on said note; that defendant Eli Dunlap has applied for a loan of $4,000, against one section of said land and such contract provided that, if said loan was not completed in time to consummate such contract, the said Dunlap agreed to procure an extension of same and to carry same for a period of one year, at 7 per cent. interest, but plaintiff charges that, after said contract was entered into, the said loan was renewed by said Eli Dunlap, the renewal of which was completed on or about February 18, 1923, for the principal sum of $4,000, and secured by a deed of trust on said section, executed by said W. E. Dunlap, in whose name such section

276 S.W.—60

was then being held in trust for the benefit of defendant Eli Dunlap, and same was duly recorded; that the said $4,000 note bore interest from the date of its execution at the rate of 6 per cent. per annum, and, no part of said interest having been paid, defendant Eli Dunlap should be required to account to plaintiff for the accrued and unpaid interest on said note; that the crops on the Denton and Wise county land, grown during the year 1923, were harvested and marketed by plaintiff, and plaintiff, after deducting all reasonable and necessary expense for so doing, received the sum of $1,500, which plaintiff charges was the reasonable value of said crops, and that the expense for harvesting and marketing same was $1,500.

Plaintiff further alleges that the contract provided that, as to the difference between the value of the properties exchanged by the parties, the plaintiff should pay to the said Eli Dunlap the sum of $3,900 in cash and execute his note to said Eli Dunlap for the sum of $5,000, due 6 months from the date the contract was to be consummated and was to bear interest from its date at the rate of 8 per cent. per annum, which cash has never been paid to said Dunlap, nor the note executed, for the reason that said Dunlap has refused to consummate said deal and accept the same; that, while the title to said section 69 is in the defendant W. E. Dunlap, he, at the time of the execution of said contract and now, holds the title to same in trust for Eli Dunlap; that it was further provided in said contract that plaintiff should have the right to keep his cattle on the Wise county land until March 10, 1923, and that it was understood and agreed by the parties that said contract was to be closed in 30 days, but, if time was the essence of the contract, which plaintiff denies, plaintiff alleges waiver of same by both parties; that the requirement in the contract for abstracts to be furnished by each party to the other was complied with, and it was further provided that, if defects were found in the titles of either party, same had to be pointed out in writing; that the defendant's attorney, by his written opinion, pointed out what he considered defects in plaintiff's titles on March 22, 1923, and that, without giving the plaintiff a reasonable opportunity to cure and correct any of the defects so pointed out, or to execute a bond as provided for in said contract, the defendant Eli Dunlap breached his part of same and refused to carry out and consummate it unless on condition that plaintiff would pay him the sum of $2,100 in cash, in addition to the requirements of said contract, and unless the plaintiff would convey to said defendant the Denton and Wise county land, subject to the indebtedness that said contract provided for the defendant to assume, and unless plaintiff would guarantee that the tenant would vacate the house on the Wise county land, and unless the plain-

tiff would "make good," meaning thereby satisfy, the said interest installment note; that plaintiff has cured and corrected all of said defects so pointed out by defendant's attorney, and has furnished the defendant Eli Dunlap with abstracts and papers showing such corrections.

And the petition further alleges that he is now in possession of said Denton county and Wise county land, and tenders performance in accordance with the terms of the contract; that the plaintiff offers to account to said Eli Dunlap for the amount of the difference said contract provides for him to pay said Eli Dunlap, upon the said Dunlap's accounting to him for such sums as may be due him (plaintiff) by said Dunlap for disposing of the said property and injuring the remainder that plaintiff was to acquire under said contract; that the property which defendant Eli Dunlap was to convey to plaintiff was reasonably worth $25,000 more than plaintiff's two farms, after deducting from the value of the respective properties the indebtedness the respective parties were to assume under said contract. The concluding paragraph of said petition, just preceding the prayer, is as follows:

"That, at the time said contract was entered into, the plaintiff and defendant knew that deeds of trust usually and ordinarily given on land to secure indebtedness in Texas, and especially that portion of Texas where the lands about which the contract was made were situated, usually and ordinarily had clauses and provisions therein, not merely essential to the creation of liens on land, but extraordinary provisions such as are contained in said two deeds of trust on the Wise county lands, as well as various and similar provisions in addition to those essentially necessary to create liens thereon, and, at the time said contract was entered into, it was contemplated by both the plaintiff and the defendant Eli Dunlap, that other and additional provisions and covenants than those necessarily essential to create liens on lands, securing the payment of the indebtedness to be assumed by the defendant Eli Dunlap, would be contained and provided for in the deeds of trust or mortgages securing the payment of the indebtedness to be assumed by the said defendant Dunlap."

Plaintiff prays for judgment against the defendants and each of them for specific performance of the contract, for an accounting, for costs, general and special relief, and, further, in the alternative, if he is not entitled to specific performance, then for his damages against Eli Dunlap.

[1, 2] A general demurrer to a petition should be sustained only when there is a want of substance in the pleading demurred to. George v. Vaughan, 55 Tex. 129, 131. The office of a general demurrer is to test the legal sufficiency of the cause of action stated in the petition, and is not an attack on the form of the petition. Williams v. Warnell, 28 Tex.

610; Johnson v. Cherokee Land, etc., Co., 82 Tex. 338, 18 S. W. 476.

[3] If the defects in the petition are such as might have been cured by amendment if pointed out by special exception, such defects cannot be reached by general demurrer. Northwest Nat. Ins. Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185, writ denied; Erie Telegraph Co. v. Grimes, 82 Tex. 89, 94, 17 S. W. 831; Wells v. Fairbanks, 5 Tex. 582; Warner v. Bailey, 7 Tex. 517; Robinson v. Davenport, 40 Tex. 33, 341.

[4] If the allegations of the petition, given every reasonable intendment, stated a cause of action in plaintiff's favor, that is decisive of his right to have the general demurrer overruled. Reasoner v. Gulf, Colorado & Santa Fé Ry. Co., 109 Tex. 204, 207, 203 S. W. 592. The writer is of the opinion that the so-called special exceptions are merely general exceptions.

Tested by these rules, as laid down in the above-cited authorities, the plaintiff's petition, on its face, stated a cause of action as against a general demurrer. Whether it was in any respect subject to special demurrers, we do not here indicate; that question is not before us.

For the error committed by the trial court in sustaining the defendant's general demurrer and in dismissing the case, we hereby reverse and remand the judgment.

HALL, O. J., and JACKSON, J. [5, 6] We concur in the disposition made of this appeal by Judge RANDOLPH, because the allegations of the petition as against a general demurrer are sufficient to entitle plaintiff to damages. The prayer is for specific performance and, in the alternative, for damages. The petition, when considered in connection with the contract and mortgages, attached and made exhibits thereto, shows that the plaintiff is not entitled to specific performance. The contract is incomplete and is uncertain, and it would be inequitable to require the defendant to assume the payment of the note for $1,507.21, and the unusual extraordinary provisions and obligations of the two mortgages, one given to secure the last-mentioned note and the other securing a $15,000 note. The contract does not bind him to assume these mortgages, since they are not mentioned. 39 Cyc. 1487, 1491, 1493; Vernon's Sayles' Ann. Civ. St. 1914, art. 3965; Johnson v. Granger, 51 Tex. 42; Norris v. Hunt, 51 Tex. 609; Fulton v. Robinson, 55 Tex. 401; Watson v. Baker, 71 Tex. 739, 9 S. W. 867; Ragsdale v. Mayes, 65 Tex. 255; Boehl v. Wadgymar, 54 Tex. 589; Sullivan v. Zanderson (Tex. Civ. App.) 42 S. W. 1027, 91 Tex. 499, 44 S. W. 484; Gatewood v. Graves (Tex. Civ. App.) 241 S. W. 264; Hume v. Bogle (Tex. Civ. App.) 204 S. W. 673; Marshall v. Beason (Tex. Civ. App.) 165 S. W. 75.