### MOORE v. KRENEK. (No. 7015.)

(Court of Civil Appeals of Texas. Austin. Oct. 13, 1926. Rehearing Denied Nov. 24, 1926.)

1. Pleading ⬤⟿34(3)—Allegations of petition must be given every reasonable intendment in support of right sought to be enforced as against general demurrer.

As against general demurrer, allegations of plaintiff's petition must be given every reasonable intendment in support of right sought to be enforced, and if when so taken they state cause of action, demurrer should be overruled.

2. Pleading ⬤⟿214(1) — Allegations of fact must be taken as true against general demurrer.

In testing the sufficiency of a general demurrer, all allegations of fact in petition must be accepted as true.

3. Pledges ⬤⟿37 — Petition alleging sale of note given by plaintiff as collateral without his knowledge and sale of property covered by deed of trust securing note held to state cause of action against general demurrer.

Petition alleging pledging note as collateral security and subsequent fraudulent sale thereof without plaintiff's consent and sale of property covered by deed of trust securing note *held* to state cause of action as against general demurrer.

4. Execution ⬤⟿48—Purported sale of collateral note under execution without owner's knowledge or consent did not pass title to purchaser.

Purported sale of collateral note under execution without knowledge or consent of owner did not pass title to purchaser, note not being subject to levy and sale under execution, in absence of voluntary delivery therefor.

5. Bills and notes ⬤⟿351—One acquiring note and collateral security therefor after maturity takes subject to available defenses.

One acquiring note and collateral security therefor after maturity takes subject to whatever defenses were available against them.

6. Pledges ⬤⟿30(2), 59—Pledgee must use diligence to collect collateral security and apply on indebtedness, holding excess in trust for owner.

Pledgee of collateral security must use due diligence to collect collateral security and to apply it to payment of principal indebtedness, holding excess in trust for true owner.

7. Trusts ⬤⟿358(1)—Trust vested in collateral note obtained by purchaser through invalid sale held impressed on land by which purchaser collected note.

Where purchaser whose possession of note pledged as collateral security was obtained through invalid sale collected it by recovery of land covered by trust deed securing note, *held* that whatever trust was vested in notes held by purchaser as extensions and renewals of original collateral note was also vested in the land.

8. Estoppel ⬤⟿108, 110—Limitation of actions ⬤⟿180(1), 182(3)—Estoppel and limitation must be specially pleaded and cannot be raised by general demurrer.

Estoppel and limitation cannot be raised by general demurrer, but must be especially pleaded.

Appeal from District Court, Lee County; J. B. Price, Judge.

Action by A. M. Moore against H. B. Krenek. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The Bowers, of Giddings, for appellant.
E. T. Simmang, of Giddings, for appellee.

BAUGH, J. The trial court sustained defendant's general demurrer to plaintiff's first amended original petition. Plaintiff declined to further amend his pleadings, and judgment was rendered that he take nothing. From this judgment he has appealed.

[1] The court having sustained the general demurrer, we have given no consideration to the defendant's special exceptions nor to the defenses pleaded. As against a general demurrer the allegations of plaintiff's petition must be given every reasonable intendment in support of the right sought to be enforced, and if, when so taken, they state a cause of action, the demurrer should be overruled. Karnes v. Barton (Tex. Civ. App.) 272 S. W. 317; Mecaskey v. Dunlap (Tex. Civ. App.) 276 S. W. 944.

The plaintiff alleged substantially the following: That he was the owner of a $1,100 note executed to him by one Dave Taylor in part payment for 72 acres of land in Lee county, Tex., and secured by a deed of trust thereon; that he pledged said note as collateral security to a $30 note executed by him to one John Stykes; that Stykes assigned both the original note and the collateral to one Orb Lewis, after maturity of both notes; that Orb Lewis, under and by virtue of a judgment obtained by him in justice court

---

against plaintiff Moore on another obligation, caused the constable to make a pretended levy and a pretended sale of said collateral $1,100 note, without the knowledge or consent of plaintiff, at which sale defendant Krenek became the purchaser; that Krenek at the same time also obtained by indorsement the original $30 note from Orb Lewis with full knowledge that said $1,100 was only collateral security thereto; that such pretended execution sale was void, and Krenek took such $1,100 only as pledged security to the $30 note; that Krenek thereafter, without the knowledge or consent of plaintiff, sold and transferred said $1,100 to one Hilsberg, who renewed and extended same with Brister Worlds, the owner of said 72 acres of land, by having Worlds convey said land to him and then reconveying it to Worlds, and taking vendor's lien notes against said land, which transaction was only an extension of the original $1,100 note; that Hilsberg's wife as executrix (Hilsberg having died testate meantime) assigned said new notes, which were merely renewals of the original $1,100 note, to H. B. Krenek; that Krenek thereafter by suit rescinded the contract between Worlds and Hilsberg and recovered said 72 acres of land; that by reason of all said transactions Krenek merely collected the collateral security to the $30 note and holds same, over and above whatever is necessary to pay said $30 note, interest, etc., in trust for plaintiff, the owner of said $1,100 note and who never parted with his title to same. Said petition is lengthy and contains other allegations as to filing a lis pendens notice and subsequent sale of said 72 acres, but it is unnecessary to discuss same on the issue here raised.

[2-5] We are unable to determine on just what grounds the trial court sustained the general demurrer. Accepting all of said allegations of fact as true, which must be done in testing the sufficiency of a general demurrer, we think appellant alleged a cause of action. At no time is appellant, plaintiff below, shown to have parted with his title to the $1,100 note and lien. The purported sale thereof under execution, without the knowledge or consent of appellant, its owner, did not pass title to Krenek. Moore did not voluntarily surrender said note for that purpose, and in the absence of such delivery it was not subject to levy and sale under execution. Taylor v. Gillean, 23 Tex. 508; White Sewing Machine Co. v. Atkeson, 75 Tex. 330, 12 S. W. 812; Carter Bros. & Co. v. Bush, 79 Tex. 29,

15 S. W. 167; 23 C. J. 326. And having acquired both the original $30 note and said collateral security after maturity, Krenek took same subject to whatever defenses were available against them. Likewise Hilsberg, who acquired the $1,100 from Krenek after maturity, took only such right and title thereto as Krenek had.

[6, 7] It is well settled that it is the duty of a pledgee of collateral security to use diligence to collect such collateral and apply same to the payment of the principal indebtedness. And in case there is an excess, he holds such excess in trust for the true owner. Though Krenek was not the original pledgee, he obtained possession of said $1,100 note through an invalid sale, or purported sale, under execution, and knowingly held and disposed of same to Hilsberg, impressed with its character of collateral security only, and was charged with the duty of dealing with it as such. And though he did not collect the note in money, he is alleged to have collected it by a recovery of the land itself, which appellant valued at $3,500. Whatever character of trust was vested in the notes held by Krenek as extensions and renewals of the original $1,100 collateral note would therefore be impressed upon the land itself. Bruyere v. Bank (Tex. Civ. App.) 262 S. W. 844; Guffey v. Bank (Tex. Civ. App.) 250 S. W. 301; Gray v. Hafale (Tex. Civ. App.) 273 S. W. 647; Poythress v. Ivey (Tex. Com. App.) 228 S. W. 157.

[8] Appellee in his brief urges that said general demurrer was properly sustained because his pleadings show, as against appellant, estoppel by deed; that Krenek was an innocent purchaser; and that appellant's cause of action, if any, was barred by limitation. Such matters, however, cannot be raised by general demurrer. Estoppel must be specially pleaded. 21 C. J. 1241; Crews v. Gulf Gro. Co., 107 Tex. 604, 182 S. W. 1096; Murphy v. Lewis (Tex. Civ. App.) 198 S. W. 1059. The same is true of the issue of limitation. Even though the petition shows on its face that the cause is barred, it is not subject to general demurrer. S. W. Portland Cement Co. v. Latta et al. (Tex. Civ. App.) 193 S. W. 1123; Carson v. Taylor (Tex. Civ. App.) 238 S. W. 261; Hamilton v. Swanson Film Co. (Tex. Civ. App.) 206 S. W. 574.

For the reasons stated, the trial court erred in sustaining defendant's general demurrer to plaintiff's petition. Reversed and remanded.

Reversed and remanded.