**COUGER et ux. v. COSTELLO. (No. 441.)**

Court of Civil Appeals of Texas. Eastland.
Sept. 28, 1928.

Rehearing Denied Nov. 16, 1928.

McFarlane & McFarlane, of Graham, for appellants.

Miller & Perkins, of Mineral Wells, for appellee.

HICKMAN, C. J. Appellee, E. P. Costello, sued appellants, John Couger and wife, Breckie E. Couger, on a promissory note executed by them for the principal sum of $9,150 and for the foreclosure of a deed of trust on 457½ acres of land situated in Palo Pinto county, the separate property of appellant Breckie E. Couger. The deed of trust was duly executed and delivered to W. H. Penix, trustee, and by its terms was given to secure the payment of the note above mentioned. At the conclusion of the testi-

mony, the trial judge peremptorily instructed the jury to return a verdict in favor of appellee against appellant John Couger for the principal, interest, and attorneys' fees on the note, and against both appellants for a foreclosure of the deed of trust lien on the land described therein. Judgment was rendered on the verdict returned in accordance with the instructions, and both of the defendants below appeal. It is very difficult to understand the pleadings or the evidence in the case, but from them we are enabled to determine in general the situation of the parties and their relations to each other at the time the note and deed of trust were executed.

Appellee, from time to time, prior to the execution of this note and trust deed, had become the surety of appellant John Couger on many notes to third persons, aggregating more than $10,000. After all of these surety notes had been executed by appellee, save perhaps one, appellants executed an instrument appearing on its face to be a warranty deed, conveying to E. P. Costello 1,384 acres of land situated in Stephens county, Tex. This deed was not introduced in evidence, and we would not be authorized to consider it in connection with the evidence, but a copy thereof was attached as an exhibit to appellant's answer, and by referring thereto the situation of the parties can be better understood. Appellant John Couger testified that this instrument was what it purported to be, a warranty deed, and that in consideration thereof appellee agreed to become primarily liable on all of said appellant's notes on which he was surety, and to pay off same, with the understanding that, if the land so conveyed to appellee should sell for more than sufficient to discharge all of said obligations and pay appellee reasonable compensation for his services, the balance remaining should be paid to appellants, but that in any event appellee accepted such conveyance in full satisfaction of all obligations that might thereafter arise in favor of him against appellant John Couger on account of his (appellee's) paying off and discharging the notes on which he was surety. Appellee's testimony regarding this instrument is that it was intended only as a mortgage voluntarily given to him by appellants, and that he never agreed in consideration thereof to pay off and discharge the said notes.

Just prior to the execution of the note and deed of trust sued on, one J. K. P. Hughes instituted suit against both appellants and appellee on a note executed by appellants on which appellee was surety. A question arose in the minds of appellant John Couger and appellee Costello as to whether or not Hughes could procure a personal judgment against Mrs. Couger in that suit and levy an execution on her separate estate. Couger was of the opinion that his wife's separate estate could not be levied upon in satisfaction of a judgment that might be obtained on the Hughes note. In order to be advised on the question, Couger and Costello went to Graham and consulted Couger's attorney, S. A. Penix. Upon investigation Penix learned that Mrs. Couger's name was signed to the note, and advised Couger that Hughes had a chance to recover personal judgment against her and levy upon her separate estate.

Couger testified that Costello proposed to him that, if he and his wife would give him (Costello) a lien upon her land, this lien would be ahead of any judgment which Hughes might obtain and would protect her property from forced sale, under the Hughes judgment, should he obtain one; and, further, that as soon as the Hughes matter could be disposed of he would return the land to Mrs. Couger; that the only purpose of the transaction was the protection of Mrs. Couger's land against the probable asserted claim of Hughes. Costello's testimony is in contradiction to all of these claims of Couger, but since a verdict was instructed against Couger and wife, we shall consider only the testimony favorable to them and assume, for the purpose of disposing of this appeal, that all of such testimony was true.

It is not claimed by either party that Couger actually owed Costello the sum of money represented by the note sued on, because at that time Costello had not paid off or otherwise discharged any of the notes of Couger upon which he was surety. Breckie E. Couger testified that the only reason why she signed this note and deed of trust was that her husband, John Couger, represented to her that Costello had made the representations above set out regarding the protection of her land from Hughes; that her only purpose in executing these instruments was to protect her property from any possible execution in favor of Hughes; and that she relied on the representations of appellee communicated to her by her husband. She further testified that when she signed the note and deed of trust sued on she did not know that appellee was surety for her husband on any note.

Appellants failed to prove that Hughes did, or that he did not, obtain any judgment against Mrs. Couger, but from evidence introduced by appellee we arrive at the conclusion that no judgment was rendered against Mrs. Couger in the Hughes suit. This conclusion is deducible from the terms of a judgment introduced in evidence by appellee. The pleadings supporting that judgment were not offered in evidence, and we are not advised of the issues which were before the court, but sufficient appears in the judgment to convince us that it was the judgment rendered in the suit of Hughes, above mentioned, and no judgment was taken therein against Mrs. Couger. No issue

**748**

as to the agreement pleaded by Mrs. Couger being void, on the ground that the purpose thereof was to hinder, delay, and defraud creditors, is presented, for if a conveyance does not have the effect of hindering, delaying, or defrauding a creditor, the mere intention that it should have such effect will not make the conveyance illegal. Ellis v. Valentine & Son, 65 Tex. 532; Haas v. Kraus, 86 Tex. 687, 27 S. W. 256. This same judgment decrees that the original deed from Couger and wife to E. P. Costello for 1,384 acres, above referred to, was intended as a mortgage, thereby conclusively establishing Costello's contention in that regard and rendering all the testimony of Couger to the contrary of no force and effect. Oral testimony contradicting a judgment given in the trial of a case in which that judgment is not directly attacked is incompetent evidence. It is the settled law of our state that incompetent evidence, though admitted without objection, cannot be taken into consideration in determining the sufficiency of the evidence to raise an issue of fact or to support a judgment. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533, and many cases following it.

We therefore conclude that the learned trial judge was correct in holding that there was no evidence raising the issue of fact as to whether the deed from appellants to appellee conveying 1,384 acres of land operated as a full settlement, accord, and satisfaction of all liabilities incurred by appellee arising on account of his being compelled to pay off the notes of appellant John Couger upon which he was surety.

Were that the only question in the case, we should not hesitate to affirm the judgment of the trial court. It was not necessary that any consideration move to Mrs. Couger in order to support her deed of trust upon her separate estate, for it is the settled rule, that, although a married woman incurs no personal liability by executing a note as surety for her husband, yet, if as security for such note she and her husband execute a mortgage on her separate estate, such mortgage is valid and binding. Jordan v. Peak, 38 Tex. 429; Rhodes v. Gibbs, 39 Tex. 432; Red River National Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923.

But the controlling question in this case to our minds is: Was the deed of trust executed by Mrs. Couger for that purpose? It is axiomatic that if Mrs. Couger executed a deed of trust on her lands for one purpose, such deed of trust could not be foreclosed for another and different purpose. Since a peremptory instruction was given in this case, we must consider the testimony of appellants just as if appellee himself had testified to the same facts, or admitted that all of such testimony was true. Bearing this rule in mind, then, this case presents to us the same

situation that would have been presented had appellee himself testified or admitted that he procured Mrs. Couger to execute this note and mortgage by representing that it was for her protection, but had decided to foreclose the lien for the purpose of idemnifying himself against losses incurred by him in discharging John Couger's notes, although he knew that Mrs. Couger never consented for her property to be pledged to secure him against such liability, and although she did not know at the time she executed the mortgage that appellee was surety for her husband. It could not be contended that such testimony on his part would have supported a peremptory instruction in his favor. On the contrary, it would have required a peremptory instruction against him on the issue of foreclosure. The peremptory instruction was given on the theory that no issue of fraud was raised by appellant's evidence, and, since there was a consideration as between John Couger and appellee sufficient to support the mortgage, the defense of want of consideration had failed. We agree that the evidence raised no issue of fraud as it was pleaded by appellants. We further agree that John Couger's promise, whether express or implied by law, to indemnify appellee against any loss by reason of his suretyship, would have afforded sufficient consideration to support the mortgage on Mrs. Couger's land had that been the real consideration for its execution. But our conclusion is that, if the mortgage was executed for one consideration, which had failed, it could not be upheld on the ground that it was given for another and entirely different consideration. No consideration for the mortgage was claimed by appellee other than his protection as surety on John Couger's notes and his agreement to discharge them at some future date. The evidence raises the issue that that was not the consideration at all. The jury should determine that issue of fact. If appellee's contention on that issue should not be found by the jury to be correct, then there was no consideration for the mortgage.

On original hearing of this case we were of the opinion that no issues of fact were pleaded which found support in the testimony, and for this reason entered judgment herein affirming the judgment of the lower court. But upon a more careful study of the pleadings and evidence on rehearing, we have reached the conclusion that we erred in our original opinion. That opinion is therefore withdrawn, and this opinion on rehearing is substituted therefor.

The judgment of the trial court is reversed, and the cause is remanded.

### On Appellee's Motion for Rehearing.

In his motion for rehearing appellee calls our attention to an inaccurate statement in our opinion. This statement was as follows:

"Appellants failed to prove that Hughes did or that he did not obtain any judgment against Mrs. Couger, but from evidence introduced by appellee we arrive at the conclusion that no judgment was rendered against Mrs. Couger in the Hughes suit."

A re-examination of the judgment in the district court of Young county, introduced in evidence by appellee upon the trial of this cause, discloses that this statement was inaccurate. The judgment was a very long and complicated one with a great many parties thereto. It covers 42 pages in the transcript. On pages 33 to 35 the court adjudges John Couger to be indebted to J. K. P. Hughes on different notes described, some of which show to have been executed by Couger and his wife. It is not adjudged there that Mrs. Couger was indebted on account of said signature, but on page 58 of the transcript, at a later place in the judgment, it was adjudged that Hughes have and recover from both appellants, Couger and Mrs. Couger, on one of the notes previously described. We make this statement in the interest of accuracy in our opinion.

The inaccurate statement did not affect the decision of this court in any manner. Appellee on rehearing has presented a new question in the case not heretofore suggested in the briefs, but which we referred to in our opinion. His contention is that, since the evidence shows that a judgment was rendered against Mrs. Couger, the agreement pleaded by Couger and wife had the effect of hindering, delaying, and defrauding creditors, and was therefore void as against creditors, and that being void appellants could not be heard to plead or prove such agreement in defense of their notes and deed of trust. It is therefore urged that we affirm the judgment of the trial court on the ground that appellants' defense was illegal and void. On the other hand, appellant urges that if it should be determined that the note and deed of trust were given for an illegal consideration, it was the duty of the trial court to leave the parties where it found them, and not grant appellee any judgment upon such illegal contract.

The record in this case does not present that interesting question to us for decision. The trial court found that the note and deed of trust were based upon a valid consideration. We would not at all be warranted in finding that same was based upon an illegal consideration, in view of the conflicting testimony on that issue. We are confirmed in the opinion that the case should be retried, and if, upon retrial, it is determined that the purpose of the deed of trust and note was to hinder, delay, and defraud creditors, and that same accomplished such purpose, then there will be presented for determination the question of whether the court should grant a judgment to Costello upon instruments executed in accordance with such illegal contract, or to deny to Costello any relief thereon.

The motion for rehearing will be overruled.