**MOORE v. KRENEK et al.   (No. 7307.)**

Court of Civil Appeals of Texas. Austin. Jan. 10, 1929.

Rehearing Granted April 17, 1929. Appellees' and Appellant's Motions for Rehearing Refused May 8, 1929.

The Bowers, of Giddings, for appellant.

E. T. Simmang, of Giddings, for appellees.

BAUGH, J. This is the second appeal of this case. On the former appeal we reversed the judgment of the trial court sustaining a general demurrer to the plaintiffs' petition and held that same alleged cause of action. See 288 S. W. 580. The pleadings are substantially the same in this case as those set out on the former appeal, with such additions as may be hereafter indicated.

Appellant's brief contains no assignments of error, and we have examined the record only for fundamental error. Appellant insists, however, that he was entitled to an instructed verdict on the undisputed facts. We have carefully read the statement of facts and have concluded that the trial court's judgment should be affirmed for the reasons hereinafter stated.

The facts disclosed pertinent to our inquiry are substantially as follows:

On October 11, 1915, A. M. Moore and wife conveyed to Dave Taylor 72 acres of land in Lee county, for a recited consideration of $1,100 cash and six notes for the aggregate sum of $700. These notes were variously transferred, being assigned finally to the Federal Land Bank. The $1,100 cash recited was not paid, but Taylor executed to Moore his promissory note for $1,100, due two years after date, secured by a deed of trust on said land, and reciting that it was a second lien. It was not recorded until more than a year after its execution.

On November 11, 1916, A. M. Moore executed to John Stikes his note for $30, for borrowed money, due six months after date, and delivered to Stikes the $1,100 note in question as collateral security thereto. On December 7, 1917, John Stikes assigned the $30 note to Orb Lewis. Orb Lewis had on November 26, 1917, obtained a judgment against A. M. Moore for $184.40. Under this judgment the $1,100 note held as collateral was advertised and sold at constable's sale, and bought in by H. B. Krenek on December 18, 1917, for $250. This purported sale occurred after the maturity of the principal note and of the collateral note, and without the knowledge or consent of Moore. The $30 note was duly indorsed to Krenek by Orb Lewis. The only indorsement to him of the $1,100 note was that made by the constable in his official capacity.

Krenek thereafter sold and indorsed the $1,100 note to A. P. Hillsberg for a consideration of $350. In the meantime through conveyances from Taylor, one Brister Worlds had become the owner of the 72 acres of land in question. Hillsberg held an account for groceries against Worlds in addition to the note against his land transferred to him by Krenek. On May 10, 1919, Brister Worlds conveyed said 72 acres of land to A. P. Hillsberg, assignee of the $1,100 note, for a recited consideration of $10 and the assumption by Hillsberg of the first lien notes held by the Federal Land Bank. On the same date Hillsberg reconveyed the same land to Worlds for a recited consideration of $10 in cash and the execution by Worlds of seven vendor's lien notes for the aggregate sum of $1,200, maturing one each year from Novem-

ber 1, 1919, to 1925, inclusive. These notes in turn were indorsed by Hillsberg back to H. B. Krenek. The consideration therefor was not shown. Upon default in the payment of the first three of these notes at maturity, Krenek brought suit to rescind the conveyance from Hillsberg to Worlds and recovered the land in question. While he was the owner thereof Moore brought this suit, asserting that these various transactions merely constituted a collection of the $1,100 note, tendered the amount of principal, interest, and attorney's fees of the original $30 note, which it secured as collateral, and sought to establish an equitable lien on said land for all in excess of the principal debt which Krenek collected out of the collateral $1,100 note. The plaintiff Moore also caused to be filed a lis pendens notice. Subsequent to the filing of the suit by Moore and the lis pendens notice, Krenek sold and conveyed the land to others who have intervened in this suit.

■ In addition to the pleadings set forth in our former opinion above adverted to, the defendant Krenek and the interveners alleged fraud, asserting that Moore and Taylor in the original conveyance entered into a conspiracy to borrow money on the homestead with the intention of asserting the homestead character of the property when collection of the first lien notes and the $1,100 note was attempted. The case was obviously tried on this theory. In response to special issues submitted to the jury, they found that such was the intention and purpose of the conveyances from Moore to Taylor.

The trial court obviously rendered judgment on an entirely erroneous theory. Under the undisputed facts it is immaterial what the intentions of the original grantor and grantee were. These intentions were never carried out nor attempted to be carried out, and no one has been injured thereby. At no time has Moore ever attempted to defeat the rights of any creditors, but has on the contrary treated the transaction as a valid sale in all respects. His original intentions therefore are not material so far as Krenek is concerned. Couger v. Costello (Tex. Civ. App.) 10 S.W.(2d) 746. Nor is Krenek in any position to make any such claim, having obtained the note in question as a valid obligation, having asserted it as such, and having collected it as such through recovery of the land itself. Turley v. Tobin (Tex. Civ. App.) 7 S.W.(2d) 949. The interveners, having acquired the property after the lis pendens notice was filed, would take same subject to all claims available against Krenek. Inasmuch, however, as we have reached the conclusion that under the undisputed evidence and the pleadings the trial court rendered the only judgment which could properly have been rendered, it is immaterial that he rendered such judgment on an erroneous theory. This was an equitable proceeding, alleging a constructive trust and seeking to establish Moore's interest in said land by virtue of his asserted claim to the $1,100 second lien note. Krenek is not charged with conversion of any proceeds from collection of said note, and no attempt is made to collect any proceeds from him through a personal judgment; plaintiff relying entirely upon establishment of an equitable interest in the land itself to the extent of his interest in the collateral collected.

The value of the 72 acres of land was made an issue and the jury found that its total value was $1,008. This finding is in no wise questioned. The undisputed evidence shows that Moore obtained out of the sale of the first lien notes, executed to him by Taylor, the sum of $700; that Taylor paid him $100, which should be credited on the $1,100 note; that Krenek paid $90 in delinquent taxes on the land; that he paid $250 as attorney's fees in the suit to recover the land from Worlds; that he discharged the $30 note owed by Moore to Stikes, and paid off a judgment in favor of Lewis against Moore in the sum of $185. These various amounts aggregate $1,355, $800 of which has been received by Moore in money and $555 paid out by Krenek for his benefit in the preservation of the property, the payment of Moore's obligations, or in the collection of the $1,100 note, all of which are chargeable against said 72 acres of land before Moore could assert any equitable interest in same. The $1,100 note being only a second lien on the land, and there being superior claims thereto in excess of the value of the land, Moore failed to show himself entitled to any equitable relief, and the trial court should in any event have rendered a judgment against him under his pleadings and the undisputed facts. The judgment of the trial court is therefore affirmed.

Affirmed.

### On Motion for Rehearing.

■■ In considering appellant's motion for rehearing, we have again examined the record and reached the conclusion that our former order of affirmance should be set aside, and the case reversed and remanded for another trial. We find that we are in error in stating that appellant sought no personal judgment against Krenek. If in fact the various transactions in connection with the $1,100 note were merely for the purpose of collecting it, and through them Krenek actually realized the full amount of said note, same having been acquired by him as collateral after its maturity, he would hold the excess over and above the payment of the principal debt which it secured, and the sums of money he paid out in good faith in acquiring and collecting it, in trust for Moore. Moore would also have an equitable lien on said land to secure the payment of

whatever sum Krenek was due, and would be entitled to a foreclosure of such lien. In seeking equity Moore must do equity by reimbursing Krenek in whatever sums it was necessary for Krenek to expend in acquiring, protecting, and collecting the collateral.

■■ But appellant's right of recovery in any event was subject to the defenses of limitation, estoppel, and innocent purchaser raised by the pleadings, the evidence, and requested to be submitted to the jury. The submission of these issues was refused by the trial court, and appellee·has properly cross-assigned error thereon. We are not prepared to hold that appellant was barred by limitation as a matter of law, but that issue was clearly raised. The same is true of the issue of innocent purchaser. Krenek sold said note to Hillsberg in January, 1918. Worlds then owned the land. Worlds conveyed the land to Hillsberg. This deed made no mention of the $1,100 note. Hillsberg reconveyed to Worlds, who executed $1,200 in vendor's lien notes as part purchase money, Krenek purchased these notes. The record does not disclose what Hillsberg ever did with the $1,100 note. It was introduced in evidence by appellant, showing indorsement to Hillsberg, without any indication whether same had ever been paid, extended, or discharged. Krenek testified that after he transferred it to Hillsberg he knew nothing more about it. It was by virtue of the vendor's lien notes executed by Worlds to Hillsberg and by him transferred to Krenek that Krenek acquired said land. If he was an innocent purchaser of these notes, he was, of course, an innocent purchaser of the land. The pleadings and evidence clearly raised this issue also, and the court should have submitted it to the jury.

For the reasons stated, our former order of affirmance is set aside, the judgment of the trial court is reversed, and the cause remanded for another trial.

Motion granted.